[No. 2845.  Decided June 30, 1898.]

Landes Estate Company, *Respondent*, v. Clallam County et al., *Appellants*.

TAXES — FRAUDULENT ASSESSMENT — TENDER.

An erroneous assessment of property for taxation will not be interfered with by the courts, unless a substantial overvaluation is clearly established.

A finding of the court that an assessment of certain lands was fraudulent and excessive is warranted, when the evidence shows that the assessor informed the landowner that the valuation for the current year would be the same as the year before; that the land owner relied upon such statement; that the assessor in fact largely increased the valuation, which was not corrected by the board of equalization, owing to an oversight; that the land owner had no knowledge thereof until after the adjournment of the board of equalization; and that the real value of the land was the same as that placed upon it the year before.

One who brings an action to obtain a reduction in the amount of his assessment need only tender, under Code Proc. §§ 676, 677 (Bal. Code, §§ 5678, 5679), the sum averred in good faith to be justly due, and offer to pay any further sum that may be found due; and the finding in such case of a larger amount due by the court would affect only the question of costs.

Appeal from Superior Court, Clallam County.—Hon. J. G. McClinton, Judge.   Affirmed.

*George C. Hatch*, for appellants.

*Benton Embree*, for respondent.

The opinion of the court was delivered by

Scott, C. J.—This action was brought to obtain a reduction in the assessment of taxes on certain real estate for the years 1895-96, on the ground that it had been fraudulently assessed at much more than its true value.   A tender was made of what-the plaintiff averred to be the amount of taxes justly due.   A trial was had and a reduction made, but not as low as the plaintiff claimed.   The defendant has appealed.   It was alleged, and the court found, that at the time of making the assessment the assessor or his deputy informed the plaintiff that such assessment would be the same as for the year 1894, or that it would not exceed that amount, but thereafter in fact assessed the property for a largely increased amount, and that the plaintiff, relying upon said representations and having no notice of the valuations placed on the property by the assessor, did

not go before the board of equalization and ask for a reduction, and did not know of such exorbitant valuations until a long time after the board had adjourned.    There is no contention that the plaintiff did not act diligently when it obtained the knowledge.

The court found the value of the property to be the same as that placed upon it in 1894, and also found that the board of equalization, on account of an oversight, did not consider or equalize the valuation of said lands with that placed upon other lands in the vicinity, but would have done so but for such unintentional omission, and that said property was assessed for much more than like property in the vicinity.    The finding of the court on the matter of the assessment was, in substance, that it was a fraudulent one, and we are of the opinion that the evidence was sufficient to sustain it.

We fully concur in the appellant's argument to the effect that an assessment ought not to be interfered with unless a substantial overvaluation is clearly established; but, without entering into the details of the several assessments discussed by appellant, we are of the opinion that the reduction granted by the court was a substantial one. Questions are raised relating to the admissibility of certain of the evidence, but it is unnecessary to set them forth in detail, for some are immaterial, and there is enough competent, unquestioned proof to sustain the findings.

It is contended that no sufficient tender was alleged, but the complaint contains a direct allegation of the tender of the taxes for the years 1895-96, of the amount that the plaintiff alleged to be justly due, and that the same was made good by bringing the amount into court; and this was not denied.    The real contention, however, is that the tender was insufficient, under §§ 676, 677, 2 Hill's Code (Bal. Code, §§ 5678, 5679), because the court found that

more was due than the sum tendered. If the plaintiff is bound, under this statute, at his peril, to tender a sum adequate to cover what the court may thereafter find to be a just tax, in order to maintain his action, he would be largely deprived of any benefit thereby; for, if his tender should be too small, his action would be dismissed, and, if too large, he would lose the excess. We think the statute is complied with by averring the amount justly due, and the tender of it, keeping it good and offering to pay such further sum as should be found due, if any, if such tender is made in good faith; and that the finding of a larger amount by the court, where the plaintiff had acted in good faith, could only affect the question of costs.

Affirmed.

REAVIS, ANDERS, GORDON and DUNBAR, JJ., concur.