[No. 11953.  *En Banc.*  September 26, 1914.]

SPOKANE & INLAND EMPIRE RAILROAD COMPANY, *Appellant,*
v. SPOKANE COUNTY *et al., Respondents.*[1]

TAXATION — VALUATION OF RAILROAD PROPERTY — EQUALIZATION — REMEDIES—SUIT IN EQUITY.  There is such arbitrary and unlawful action on the part of the taxing boards in assessing railroad property, as to warrant an action on the equity side of the court for relief, where the state board of tax commissioners and the state board of equalization refused to consider and hear evidence on the application .of a railroad company showing that its operating properties have depreciated in value since the finding made in the previous year by the public service commission, but accepted such previous valuation as conclusive for the assessment year in dispute; in view of 3 Rem. & Bal. Code, § 8626-92, which makes the findings of the public service commission final and conclusive only as to the "facts stated in such findings as of the date therein stated under the conditions therein stated."

SAME — ASSESSMENT — UNIFORMITY — DIFFERENT CLASSES OF PROPERTY.  The assessment of railroad property at 42.16 per cent of its valuation, while other property in the same county is assessed at 32 per cent of its value, so manifestly violates the constitutional requirement that taxation shall be uniform and equal upon all property, and shows such arbitrary discrimination against a particular class of property, as to operate as a constructive fraud, and afford grounds for the granting of equitable relief.

SAME—EXCESSIVE ASSESSMENT—TENDER—PLEADING—SUFFICIENCY.  In an action for equitable relief against an excessive assessment, the complaint alleges a sufficient tender, where it states that there was justly due on account of the taxes collectible, a specified sum, which it tendered to the county treasurer in payment of the taxes then due

[1]Reported in 143 Pac. 307.

and that the plaintiff stood ready to do whatever in equity ought to be done with reference to the tax levied against the property, and to pay whatever taxes the courts might decide to be due from it.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered March 2, 1914, dismissing an action in equity, upon sustaining a demurrer to the complaint. Reversed.

*Graves, Kizer & Graves,* for appellant.

*George H. Crandell* and *Thomas Corkery,* for respondents.

MAIN, J.—In this action, the validity of a tax levy against the plaintiff's property during the year 1912 is involved. To the amended complaint, a demurrer was interposed and sustained by the trial court. The plaintiff elected to stand upon the amended complaint, and refused to plead further. A judgment was entered dismissing the action. The plaintiff appeals.

The amended complaint is too voluminous to be here set out in full. Only the facts as alleged therein will be stated so far as may be necessary to an understanding of the questions presented. The appellant owns and operates a street railway system, within the city of Spokane, and interurban lines extending from that city to other towns and cities in the vicinity. During the year 1910, the railroad commission of this state caused its engineers and accountants to commence an examination of the books, and of the property of the appellant, for the purpose of making the findings required by Laws of 1909, p. 209, ch. 93, § 12 (Rem. & Bal. Code, § 8638). Such examination and investigation continued thereafter until sometime during the year 1911. As a result of the investigation, the public service commission, which had succeeded the railroad commission, on September 21, 1911, made a finding that the value of the plaintiff's operating property within the state of Washington was $12,-500,000, during the period between January 1, 1911, and June 30, 1911. The value fixed by this finding was adopted

by the state board of equalization as the value of the plaintiff's operating property within the state of Washington for the year 1911 for the purposes of taxation. During the assessment period of 1912, the appellant applied to the state board of tax commissioners for a hearing with respect to the value of its property for taxing purposes for that year, requesting the state tax commission to inquire into such value and hear evidence with respect thereto, stating as a reason therefor that the conditions had so changed since the finding fixing the value of its property that such property was greatly depreciated in value, and that a lower value ought to be placed upon it for taxing purposes for the year 1912. The state board of tax commissioners refused to grant the hearing, and refused to make the desired inquiry into the value of the property, stating as a reason for its declination that it was bound by the findings of the value made by the public service commission, and could not make another finding of value for taxing purposes, no matter what the value of the property might be. When the state board of equalization convened in September, 1912, the plaintiff appeared before it and asked to be heard and permitted to introduce evidence tending to show that, since the time of the investigation of value made by the public service commission, conditions had so changed that the value of its operating property had greatly decreased. The state board of equalization refused to hear evidence with respect to the change of condition for the reason, as it believed, it was without power to change the value found by the public service commission in 1911. The state board of equalization, at its session in 1912, fixed the value of the appellant's operating property within the state at $12,500,000, this being the value as found during the previous year by the public service commission.

The appellant alleges, with much detail, facts for the purpose of showing there had been a depreciation in the value of its operating property subsequent to the finding of the public service commission, and prior to the making of the

levy for 1912. It was alleged that, during the assessment year for the period of 1912, the market value of its property in the state of Washington was not in excess of $6,645,000. One reason stated for the depreciation was that, since the investigation, and the finding made by the commission, competing railway lines had been built into the most productive territory occupied by the appellant's lines, and the result of the building of these competing lines was that the appellant's property was greatly and permanently decreased in its earning capacity. It is also alleged in the amended complaint that property within Spokane county was assessed by the county assessor of such county for the year 1912 at not to exceed 32 per cent of its true cash value, and that the state board of equalization arbitrarily, without any attempt to ascertain or determine what ratio of value had been adopted by the county assessor as the value of property within his jurisdiction for assessment purposes, had fixed the ratio at which appellant's property should be assessed at 42.16 per cent of its true cash value, and the state board of tax commissioners certified the value of appellant's property apportioned to Spokane county upon that percentage of value, and the tax levied against such property was levied upon such percentage.

Upon the matter of a tender, the amended complaint alleges that the sum justly due on account of the taxes for the year 1912 is $43,765.87, and that on March 13, 1913, this sum was tendered to the treasurer of Spokane county in payment of the taxes then due, which had been levied during the year 1912; and the further allegation was made that the appellant would pay whatever taxes the courts might decide to be due from it.

The question in this case is, of course, whether the amended complaint states a cause of action. By § 92 of the public service commission law (Laws of 1911, p. 601; 3 Rem. & Bal. Code, § 8626-92), the findings of the public service commission are conclusive as to the "facts stated in such

findings as of the date therein stated under the conditions
then existing." This statute also provides that the owner of
the public utility may have the finding of the commission
as to its market value reviewed by the courts if the value as
found is not satisfactory. So far as appears, the finding of
the commission as to the value of the appellant's property
for the year 1911 has not been reviewed, and it therefore be-
comes final and conclusive as of the date stated under the con-
ditions then existing. In *State ex rel. Oregon R. & Nav.
Co. v. Clausen*, 63 Wash. 535, 116 Pac. 7, it was held that
the commission's findings were conclusive "as made unless re-
versed by the courts in a proper proceeding." In *State ex
rel. Spokane & Inland Empire R. Co. v. State Board of
Equalization*, 75 Wash. 90, 134 Pac. 695, the railway com-
pany sought to have reviewed in a certiorari proceeding the
action of the state board of equalization relative to the taxes
for the same year which are involved in this proceeding. It
was there held that the certiorari proceeding was not the
proper remedy, but that, if the appellant was entitled to re-
lief, it was in a court of equity. It was there said:

"An original action on the equity side of the court, where
evidence may be received bearing upon the merits of the ques-
tion of the proper amount of the relator's assessment as well
as the alleged arbitrary and unlawful action of the board of
equalization, is, in our opinion, the only practical remedy
available to the relator, since the board of equalization for
1912 has been dissolved, and the proceedings before that
board do not show sufficient facts to enable the court to de-
termine the proper amount of assessment to put upon the
relator's property as a basis for computing taxes payable by
it."

It was not held in that case that the facts which were al-
leged in the affidavit for the writ, which are substantially the
same as those alleged in the complaint in the present action,
were sufficient to entitle the plaintiff to relief, but it was
only held that the plaintiff had a right to go into a court
of equity and there have the question determined. If it is

true, as alleged in the complaint, that both the tax commission and the state board of equalization refused to consider or hear evidence upon the value of the appellant's property for the year 1912, and that subsequent to the finding made by the public service commission for the year 1911, and prior to March 1, 1912, the appellant's earning capacity had been impaired and its property depreciated in value approximately $6,000,000, it would seem that the complaint states a cause of action. The appellant was entitled to have a judgment or discretion exercised as to whether there had been a material depreciation in the value of its property since the time when the value was found by the public service commission. A failure to exercise this judgment or discretion would result in an arbitrary assessment notwithstanding the fact that it was due to a misapprehension as to the law, the finding of the public service commission, as above stated, being only final "as of the date therein stated under the conditions then existing." The trial court should have overruled the demurrer to the amended complaint, and, after the issues had been formed, received evidence for the purpose of determining the amount of depreciation, if any, in the market value of the appellant's property subsequent to the finding made by the commission for the year 1911 and prior to March 1, 1912. As already stated, the finding of the commission for the year 1911 is not open for review, but the question to be determined is, accepting that finding as final as of the date made, whether subsequent thereto and prior to the assessment for the year 1912, there had been a material depreciation.

On the question as to whether, as a basis for the assessment of appellant's property in Spokane county, 42.16 per cent of its value may be taken while other property in the same county is assessed at 32 per cent of its value, that is a question which seems to have been determined in the case of *Spokane & Eastern Trust Co. v. Spokane County*, 70 Wash. 48, 126 Pac. 54, Ann. Cas. 1914 B. 641. In that case, the

basis for assessment of bank stock was at a higher rate than other property in the county, and this was not due to an erroneous valuation or the difference in judgment as to the correct measure of value, but was due to an intentional and arbitrary discrimination against that particular class of property. It was there stated:

"As we said in *State ex rel. Wolfe v. Parmenter*, 50 Wash. 164, 96 Pac. 1047, 19 L. R. A. (N. S.) 707: 'It is just as imperative that taxation shall be uniform and equal upon all property as it is that all property shall be taxed.' There is neither uniformity nor equality where all kinds of property save one are, intentionally and in pursuance of a fixed and definite policy, assessed at less than forty per cent of its full and fair value, whilst that class of property is intentionally assessed at sixty per cent of such value. The facts pleaded do not show an erroneous valuation or a difference in judgment as to a correct measure of value, but rather an intentional and arbitrary discrimination against a particular class of property. Such an arbitrary policy is vicious in principle, violative of the constitution, and operates as a constructive fraud upon the rights of the property holder discriminated against. In such cases equity will grant relief." [Citing authorities.]

In the present case, the difference in valuation cannot be said to be due to a difference in judgment as to the correct measure of valuation, but is due to an arbitrary fixing of the value of the appellant's property without regard to how other property in the same county is assessed.

Some question is raised that the appellant did not make a proper tender of the amount of the taxes which it admitted to be due. The appellant alleged that there was justly due on account of the taxes collectible the sum of $43,765.87, and that that sum was tendered to the treasurer of Spokane county in payment of the taxes due. It was also alleged in this connection that the appellant stood ready to do whatever in equity and good conscience ought to be done with reference to the tax levied against its property, and pay whatever tax the courts may decide to be due from it. The alle-

gations as to the tender are sufficient, under the holding in *Landes Estate Co. v. Clallam County*, 19 Wash. 569, 53 Pac. 670.

The judgment will be reversed, and the cause remanded with instructions to the superior court to overrule the demurrer, and proceed with the case in accordance with the views herein expressed.

CROW, C. J., ELLIS, PARKER, FULLERTON, CHADWICK, GOSE, and MOUNT, JJ., concur.