[No. 18665. Department One. July 11, 1924.]

TACOMA MILL COMPANY, *Respondent,* v. PIERCE
COUNTY, *Appellant.*[1]

TAXATION (210) — EXCESSIVE ASSESSMENT — EVIDENCE — SUFFI-
CIENCY. Findings of an excessive valuation of land at $180,700,
which was afterwards sold for $90,000, which was a fair and the
best price obtainable, show a constructively fraudulent assessment,
entitling recovery of the excess tax, paid under protest.

Appeal from a judgment of the superior court for
Pierce county, Askren, J., entered February 26, 1924,
upon findings in favor of the plaintiff, in an action to
recover taxes paid, tried to the court. Affirmed.

*J. W. Selden, Frank D. Nash,* and *D. D. Schneider,*
for appellant.

*Ellis, Fletcher & Evans* and *John D. Fletcher,* for
respondent.

PARKER, J.—The Tacoma Mill Company seeks re-
covery of the sum of $3,119.30 from Pierce county,
claimed as an unwarranted excess of taxes which the
mill company was, by the county authorities, coerced
into paying upon approximately ten acres of tide land
and fifteen acres of adjoining upland in the city of
Tacoma. A trial upon the merits in the superior
court for Pierce county, sitting without a jury, re-
sulted in findings and judgment awarding to the mill
company recovery as prayed for, from which the
county has appealed to this court.

These two tracts of land may, for purposes of our
present discussion, be regarded as one tract. They
have together, for many years, been regarded as one
piece of property by the mill company, constituting
for the most part the site of its old plant which was

[1]Reported in 227 Pac. 500.

dismantled several years ago.  In making the 1922
assessment for the purposes of taxation, the assessor
of Pierce county valued these tracts at a total of
$180,700.  In the fall of that year the mill company
sold the land for a total consideration of $90,000; at
the same time assuming the burden of paying such
taxes as might justly become due thereon in February,
1923, to be levied in pursuance of the assessment of
1922.  The taxes coming due were computed and
charged against the land upon 50% of the assessor's
valuation, which computation was according to the
standard used in computing taxes in Pierce county.

In March, 1923, the mill company tendered to the
county treasurer the whole amount of the taxes so
computed, to wit, $6,406.72, less the sum of $3,119.30,
in full payment of the taxes then justly due upon the
land; claiming that the land had been arbitrarily
valued for taxation by the assessor to the extent of
$90,700 in excess of its true value.  The county treas-
urer refused this tender as full payment of the taxes.
Thereupon, in order to free the land from the lien of
the taxes, the mill company, on March 15, 1923, paid
to the county treasurer the full amount of $6,406.72
so charged against the land; such payment being made
under protest by the mill company, and it expressly
reserving and asserting its right to maintain an action
against the county to recover the claimed excess of
$3,119.30.  On March 16, 1923, the mill company com-
menced this action in the superior court for Pierce
county seeking recovery of the claimed excess pay-
ment made by it, alleging such payment to have been
exacted from it because of the arbitrary excessive
valuation placed upon the land by the assessor.  No
question is here made but that if the land was
arbitrarily excessively assessed, as claimed by the mill

company, it has the right of recovery in this action.

The trial court found in part as follows:

"That the evidence is clear and convincing that the lands in controversy, with improvements, were assessed by the assessor of Pierce county, Washington, for payment of taxes during the year 1922, at more than double the true and fair value in money at said time; that during the year 1922, the plaintiff being desirous of disposing of said property made efforts to find a purchaser for the same, and in November, 1922, sold said property to the Henry Mill & Timber Company for the sum of $90,000 in cash, the plaintiff, however, to pay taxes assessed against said property for the year 1922. That said sale was the best price plaintiff was able to get for said property; the same was a voluntary sale and made between a purchaser willing but not required to purchase and a seller willing but not obligated to sell, and in the opinion of the court said price so paid and received was at that time the true and fair value in money of said property; that the assessment for that year at a valuation of $180,700 was so far in excess of the true and fair value of the property at the time as to render such assessment constructively fraudulent."

The evidence, as we read it, overwhelmingly supports these findings. There is no substantial evidence touching the question of whether or not the land was valued proportionately in excess of other lands similarly situated in Pierce county, so we have a case which is to be determined solely upon the fact of excessive valuation above a true value to the extent of approximately double the true value.

Counsel for the county seem to rely principally upon our decision in *Kinnear v. King County,* 124 Wash. 102, 213 Pac. 472; arguing that mere excessive valuation above a true value, however flagrant, is not sufficient to warrant the awarding of relief to the taxpayer such as is here sought. There may be some language in that decision which might be considered

as lending some support to such argument, but we do not think such is the rule. It is true in that case there is noted in the beginning of the opinion evidence which tended to show an excessive valuation to the extent of nearly double the real value of the property. However, the trial court did not so find in that case as it expressly did in the one before us. We think our language in that case should not be construed as meaning anything more than that, under the evidence of that particular case, there was not such a conclusive showing of excessive valuation as to entitle the plaintiff to relief without some additional showing of lack of uniformity as between the valuation of his property and the valuation of other similar property. Since the rendering of our decision in that case we have had before us the cases of *Northern Pacific R. Co. v. Pierce County,* 127 Wash. 369, 220 Pac. 826, and *Inland Empire Railroad Co. v. Whitman County,* 128 Wash. 358, 223 Pac. 6, wherein we held that excessive valuation alone, there being no showing as to comparative valuations, may be of such a pronounced character as to entitle the taxpayer to relief. The excessive valuation in this case to the extent of twice the real value of the property being so conclusively proven, though there is no showing as to comparative valuations, we think the mill company is entitled to the relief prayed for by it and awarded by the trial court. Some rulings of the trial court upon the admissibility of evidence are complained of, but we think they would in no event affect the result reached.

The judgment is affirmed.

MAIN, C. J., HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.