[No. 19493.  Department One.  April 5, 1926.]

INLAND EMPIRE LAND COMPANY, *Appellant*, v. GRANT COUNTY, *Respondent*.[1]

[1] TAXATION (210)—EXCESSIVE ASSESSMENT—ACTION TO SET ASIDE—SUFFICIENCY OF EVIDENCE.  An excessive valuation of land for taxation at from two to four times its value, is constructively fraudulent and cannot be justified by the fact that it was assessed at the same rate as other lands of like character.

[2] SAME (206)—ACTION TO SET ASIDE ASSESSMENT—LIMITATION AND LACHES.  Five years is not an unreasonable length of time for a taxpayer to wait before bringing an action to set aside an excessive tax.

[3] SAME (206).  An action for a reduction of taxes for the years 1920 to 1922, being an action to remove a cloud upon real estate is not subject to the statute of limitations, Rem. Comp. Stat. § 165.

[4] TAXATION (205)—ACTION TO SET ASIDE ASSESSMENT—CONDITION PRECEDENT—TENDER OF TAXES.  A tender of a tax, prior to suit to obtain a reduction, is sufficient or excused, where the county treasurer refused to make a calculation on the basis of the admitted value, when the owner had a blank check ready to be filled out with the amount due on such basis.

[5] TAXATION (205)—TENDER (5)—EFFECT OF TENDER.  The insufficiency of a tender of taxes, affects only the question of costs, where the complaint alleges a readiness and ability to pay taxes upon the valuations fixed by the court.

Appeal from a judgment of the superior court for Grant county, Jeffers, J., entered June 23, 1925, upon findings in favor of the defendant, in an action to secure a reduction of taxes.  Reversed.

*H. C. Erickson* and *William M. Clapp*, for appellant.
*N. W. Washington*, for respondent.

ASKREN, J.—Plaintiff brought this action for a reduction of taxes for the years 1920, 1921, 1922, 1923

[1]Reported in 245 Pac. 14.

and 1924, upon real estate in Grant county, alleging that the valuations placed upon its property were arbitrarily excessive, were more than twice the actual value of the land assessed, and that a tender of the proper amount of tax had been made to the county treasurer, which had been refused. The defendant county answered, denying any arbitrary or excessive valuation of the land; denied the tender, and set up three affirmative defenses:

(1) That the action was barred by the statute of limitations as to taxes for the years 1922 and prior years;

(2) That the plaintiff was guilty of laches in permitting these lands to be assessed upon the same basis for a number of years without bringing action, during which time the defendant county had paid its proportionate share of the tax to the state of Washington on the land involved; and

(3) That the lands of plaintiff were assessed on the same basis and at the same valuations as other lands of like character throughout the county.

These affirmative defenses were denied, and the case came on for trial. The evidence offered by plaintiff showed that it was the owner of some thirteen thousand acres of land in Grant county; that, during the past five or six years, there had been but one crop raised in the vicinity of the lands in question; that the price obtained for the crop that year was very low; that there have been practically no sales of land in the vicinity for the past five or six years; that a number of persons have abandoned their farms because they were unable to make a living upon them; that certain properties of the plaintiff were rented upon shares, and that the income derived therefrom was so small as to make the land of purely nominal value; that there is

insufficient moisture to make farming profitable; that a great deal of the land, although broken up with the intention to use it as farm land, was wholly unsuited for that purpose and was not being farmed, and that the value of such land is not as great as if it had been left in its unbroken state, so that it could have been used for grazing purposes; that the value of grazing land was approximately $1.25 per acre. The evidence showed that Grant county owned some twenty thousand acres of land in the vicinity of the land in question, which it was offering for sale for grazing at the minimum price of $1.25 per acre. The testimony also showed that the assessed valuation placed upon the property in question was from two to four times its actual value.

The defendant offered no evidence as to the value of the lands in question, but contented itself with offering evidence as to its affirmative defenses, especially the one which alleged that the property in question was assessed at the same value as lands of like character in the vicinity. The court entered judgment in favor of defendant, and plaintiff appealed.

[1] The first question to be determined is, whether or not there was an over-valuation of the property. There being no evidence offered by respondent upon this question, it must, of course, be determined wholly from the testimony of appellant's witnesses. From what has previously been said regarding appellant's testimony, it seems clear that the lands in question have been assessed much too high. Appellant's testimony being undisputed, it is, of course, controlling upon the court. But respondent contends that, even though the property was assessed too high, relief cannot be granted, unless it was assessed inequitably in comparison with other lands of like character, and that

there must be an affirmative showing of disproportionate assessment. Much reliance is placed upon our decision in *Kinnear v. King County,* 124 Wash. 102, 213 Pac. 472, in which we held that the trial court had properly dismissed an action in which there was no showing that the property was assessed disproportionately to other property of like character. But the doctrine of that case has not been followed in our later decisions. In *Tacoma Mill Co. v. Pierce County,* 130 Wash. 358, 227 Pac. 500, the decision in *Kinnear v. King County, supra,* was reviewed, and attention was called to the fact that, since that decision, we had decided the cases of *Northern Pacific R. Co. v. Pierce County,* 127 Wash. 369, 220 Pac. 826, and *Inland Empire R. Co. v. Whitman County,* 128 Wash. 358, 223 Pac. 6, wherein we held that excessive valuation may, in certain cases, be so great as to raise constructive fraud, and that it was not necessary that there also be a showing that the land was assessed disproportionately to other land of like character. Applying those decisions to the instant case, it seems plain that land assessed from two to four times its actual value presents a case of constructive fraud that requires the intervention of a court of equity to grant relief.

[2] Respondent contends, however, that appellant was guilty of laches in permitting the assessments to be made over a number of years, since during that time the county had paid its share of the taxes upon this property to the state of Washington. Our attention has not been called to any of our holdings on this question other than *Miller v. Pierce County,* 28 Wash. 110, 68 Pac. 358. In that action it was sought to have the taxes reduced for the years 1896, 1897, 1898, 1899 and 1900. Action was brought in June, 1901. This contention was there answered as follows:

"The next contention of the respondents is that the appellants were guilty of laches in not bringing their suit before. But we are not able to say that there is any authority of law which would deprive the appellants of the right to bring this action within the time in which it was brought."

We cannot say that five years is such an unreasonable length of time for the appellant to wait, either in the hope that future assessments would be reduced, or in the hope that more moisture would enable better crops to be produced, and thereby give their land a greater value, that laches should bar the relief sought.

[3] Is the appellant barred by the statute of limitations from bringing this action for the reduction of the taxes for the year 1922, and prior years? In the *Miller* case, *supra,* reduction of the taxes was permitted for a period of five years. The statute of limitations appears not to have been noticed in the decision, but as this is one to remove a cloud upon the title to the property in question, we think it not controlled by the general statute, Rem. Comp. Stat., § 165.

An action to remove a cloud upon title to real property is not subject to the statute of limitations. *Wagner v. Law,* 3 Wash. 500, 28 Pac. 1109, 29 Pac. 927, 28 Am. St. 56, 15 L. R. A. 784; *Cooper v. Rhea,* 82 Kan. 109, 107 Pac. 799, 29 L. R. A. (N. S.) 930; 17 R. C. L. 71.

[4] Contention is also made that a proper tender was not made to the county treasurer. Assuming that a tender is required under the statute, we are of the opinion that the tender was sufficient. It appears from the evidence that the attorney for appellant went to the county treasurer with a list containing a description of all of the properties involved, and the amounts which appellant claimed to be the actual cash value of the property. He also took with him a blank check to fill in the amount of the tax to be determined upon

the values which were alleged to be the true values of the property. He desired the county treasurer to make the calculations of the taxes based upon these values so that the check could be filled in. The treasurer refused to compute the tax upon that basis, because, as he said, there was no necessity of figuring it out for he would not accept the tax offered. We think the failure of the treasurer to figure out the exact amount should not be held to make an insufficient tender. The thing required to be done was at most a clerical act, and it is plain from the testimony that the insertion of the amount of the check would be a useless thing. Respondent has placed some reliance upon the case of *Old Republic Mining Co. v. Ferry County,* 69 Wash. 600, 125 Pac. 1018. In that case no tender was made to the county in an action to set aside the sale of certain properties under foreclosure. The tender was sought to be excused upon the ground that the defendant county had given out that it would not accept the amount. We held that the tender could not be waived by the county auditor in advance of the making of the tender, but we think it is equally true that, where a tender is made to the county treasurer, he may waive filling in the exact amount of the check, when it is accompanied by the statement that if filled in it will not be accepted. We think the tender is sufficient under the authority of *Landes Estate Co. v. Clallam County,* 19 Wash. 569, 53 Pac. 670, and *Inland Empire R. Co. v. Whitman County, supra.*

[5] The complaint as originally filed did not ask for a reduction of the taxes for the year 1920, but at the trial an amendment was permitted to include the taxes for that year. It appears that the taxes on some of this property for the year 1920 were paid without protest. It is argued that the unpaid taxes for 1920

were not included in the tender, but the complaint contains an allegation of readiness and ability to pay the taxes upon the proper values fixed by the court, and we think that in any event as to the 1920 taxes this could only affect the question of costs. *Landes Estate Co. v. Clallam County, supra.*

The judgment of the lower court is reversed, with instructions to reduce the amount of the valuation for tax purposes for the years 1921, 1922, 1923 and 1924, and also for the year 1920 upon those lands upon which the taxes remain unpaid, to the amounts testified to by the witness Weston, there being no other testimony justifying a different valuation.

TOLMAN, C. J., HOLCOMB, FULLERTON, and MITCHELL, JJ., concur.