[No. 20022. Department One. November 12, 1926.]

NORTHERN PACIFIC RAILWAY COMPANY, *Respondent, v.* YAKIMA COUNTY, *Appellant.*[1]

[1] TAXATION (122)—ACTIONS TO RECOVER TAX PAID—CONDITIONS PRECEDENT—DEMAND—SUFFICIENCY. Where a sufficient tender was refused and an illegal tax paid under protest on March 10, 1925, a demand for a refund, necessary before action, made November 10, 1925, was within a reasonable time, and within statutory limitations where the plaintiff was lulled into delay by proceedings between it and officers of the state committee and the *Attorney General.*

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered March 11, 1926, upon findings in favor of the plaintiff, in an action to secure a reduction of taxes. Affirmed.

*The Attorney General, R. G. Sharpe, Assistant, Sidney Livesey, O. Sandvig, Chas. H. Leavy* and *A. O. Colburn,* for appellant.

*Geo. T. Reid, Chas. A. Murray* and *L. B. da Ponte,* for respondent.

HOLCOMB, J.—This case is very similar to that of *Byram v. Thurston County, ante* p. 28, 251 Pac. 103.

In the year 1924, the state department of taxation determined the fair market value of the property of respondent to be $120,132,915, placed that figure on the assessment roll, and notified respondent thereof. Similar proceedings and notices and lack of notice were

[1]Reported in 251 Pac. 110; 252 Pac. 942.

shown in this case as in the *Byram* case, *supra.* No notice was given of any proposal to increase the assessment of respondent.

When the equalization committee met on September 2, 1924, respondent appeared and presented a petition that the assessed valuation of $120,132,915 be reduced, as is permitted by Rem. Comp. Stat., § 11169 [P. C. § 7078].

On September 15, 1924, the board being in session, respondent not being present nor represented, without notice to respondent, the equalization committee raised the assessed valuation as made by the state tax committee to $126,455,700, which it proceeded to equalize in the sum of one-half thereof. Had the original assessed valuation remained, the equalized valuation would have been $50,026,490. The increased valuation, as equalized, was certified to the several counties and the proportion of Yakima county was $3,896,401, on which a tax was levied of $204,763.02. Yakima's proportion of the original assessment would have been $3,701,581, and the tax would have been $194,524.87, or an excess of $10,238.15, to be paid by respondent over the original assessed valuation.

On March 10, 1925, respondent tendered taxes on the basis of the original assessed valuation in the sum of $194,524.87, which tender was refused; and respondent paid under protest the entire amount appearing upon the rolls to be due. The increase in the valuation by the state equalization committee amounts to five per cent more than that fixed by the state tax committee. On November 10, 1925, respondent made claim for refund, which was, on November 20, 1925, denied by the board of county commissioners.

The same questions are involved in this case as in the case of *Byram v. Thurston County, supra,* except that, in this case, respondent did not make claim for

the refund of the taxes immediately, or within three months as was done in that case after payment of the excessive tax.

[1] The same rulings are made in this case in regard to all questions at issue as were made in the *Byram* case, *supra;* and on the additional question as to whether the claim was necessary at all, was not made in time, or within a reasonable time, we hold that a claim for a rebate of taxes was necessary, and to be made within a reasonable time, within the statutory period of limitations. Respondent's claim was presented within a reasonable time. It was lulled into such delay as occurred by proceedings between it and officers of the state tax committee and the *Attorney General.* See *Old National Bank v. Lewis County,* 137 Wash. 436, 242 Pac. 961.

Recently, it seems, we have decided in *Inland Empire Land Co. v. Grant County,* 138 Wash. 439, 245 Pac. 14, that the taxpayer in that case was not guilty of laches, although he sought to recover taxes going back five years. Hence, we can find no unreasonable delay in this case.

The protest which was made in this case was also sufficient. *Tozer v. Skagit County,* 34 Wash. 147, 75 Pac. 638; *Spencer v. City of Los Angeles,* 180 Cal. 103, 179 Pac. 163; *Pearl River County v. Lacey Lumber Co.,* 124 Miss. 85, 86 South. 755.

The judgment herein was right and is affirmed.

TOLMAN, C. J., FULLERTON, MAIN, and MITCHELL, JJ., concur.

## ON REHEARING.

[*En Banc.* February 7, 1927.]

PER CURIAM.—Upon a rehearing *En Banc,* the court adheres to the Departmental opinion heretofore filed herein.

Judgment affirmed.