[No. 21270.    Department Two.    August 30, 1928.]

NORTHERN PACIFIC RAILWAY COMPANY, *Respondent,* v.
SPOKANE COUNTY *et al., Appellants.*[1]

[1] TAXATION (118) — RECOVERY OF TAX PAID UNDER PROTEST —
    STATUTES—REASSESSMENT.  A void tax, paid under protest, may
    be recovered back, notwithstanding Rem. 1927 Sup., § 11097-108,
    which provides for a reassessment of the tax or the portion
    thereof that should have been paid, to be added to the tax levied
    for the next succeeding year.

Appeal from a judgment of the superior court for
Spokane county, Huneke, J., entered February 29, 1928,
in favor of the plaintiff, upon agreed facts, in an action
to recover a tax paid under protest.    Affirmed.

*Chas. W. Greenough* and *A. O. Colburn,* for appel-
lants.

*C. H. Winders, C. A. Murray, A. E. Simon,* and
*L. B. daPonte (Cannon & McKevitt,* of counsel), for
respondent.

MAIN, J.—This action was brought to recover a void
tax which was paid under protest.    A hearing was had
before the court without a jury, upon agreed facts,
which resulted in findings of fact and conclusions of
law sustaining a recovery in the sum of $7,902.96 with
interest.    Judgment was entered for this amount, and
the defendants appeal.

[1]    This is a companion case to that of *Northern
Pac. R. Co. v. Yakima County,* 141 Wash. 47, 251 Pac.
110, 252 Pac. 942, and upon the authority of that case
the judgment must be affirmed, unless ch. 290, Laws
of 1927, p. 710 (Rem. 1927 Sup., § 11097-108), calls for
a different holding.    That act does not attempt to
validate an assessment already made, but provides for
reassessing where the prior assessment is void or un-

[1]Reported in 270 Pac. 107.

collectible. There is nothing in the act which would indicate a legislative intent that money which had been paid under protest in satisfaction of a void tax should not be recovered back if a reassessment took place. In the present case, there was a reassessment by the properly constituted taxing officers. The act appears to contemplate that the void tax may be recovered back, even though there may be a reassessment. It in part provides that, if the void tax, or any portion thereof,

". . . heretofore or hereafter levied has heretofore or is hereafter recovered back after payment by reason of any such erroneous proceedings, the amount of such tax or portion of such tax which should have been paid upon such property except for such erroneous proceedings, shall be added to the tax levied on such property for the year next succeeding the entry of final judgment adjudging such tax or portion of tax to have been void."

It thus appears that there is an express provision in the law that, where there has been a reassessment to take the place of a void tax, the amount of the tax as reassessed "shall be added to the tax levied on such property for the next year succeeding the entry of final judgment" adjudging such tax to be void. The provision with reference to adding the reassessment to the tax for the next succeeding year would indicate that it was not contemplated that the prior void tax when paid under protest could not be recovered by the taxpayer.

The judgment will be affirmed.

FULLERTON, C. J., BEALS, and ASKREN, JJ., concur.