[No. 21095. Department One. October 8, 1928.]

INLAND EMPIRE LAND COMPANY, *Respondent*, v.
DOUGLAS COUNTY, *Appellant*.[1]

*Frank B. Malloy* and *Sam M. Driver,* for appellant.
*William M. Clapp,* for respondent.

PARKER, J.—The plaintiff land company, interested
as owner or mortgagee in sixty-one tracts of farm
land in Douglas county, commenced two actions in the
superior court for that county seeking decrees ad-
judicating a reduction of assessed valuation of each of
those tracts, made for the purpose of taxation by the
taxing officers of that county for the years 1919 to 1925,
inclusive, claiming the assessments so made to be
fraudulently excessive. The land company offers to
pay the taxes for those years, chargeable against the
lands upon the basis of such fair assessed valuation

[1]Reported in 270 Pac. 812.

as the court may decree. There is also pending a tax foreclosure action in the superior court for Douglas county, instituted by that county, seeking foreclosure against the lands for taxes computed upon the alleged excessive assessed valuation of those years. These actions were consolidated for the purpose of determining the question of excessive assessed valuations; the county's tax foreclosure action being stayed pending such determination.

The consolidated cause, being of equitable cognizance, proceeded to trial upon the merits before the court sitting without a jury, and resulted in a decree favorable to the land company, reducing the assessed valuation upon each of thirty-four of the tracts to less than fifty per cent of that fixed by the taxing officer of the county; and reducing the assessed valuation upon each of twenty of the tracts to approximately sixty per cent of that fixed by the taxing officer of the county. There is no controversy of any moment over the assessed valuations of the seven remaining tracts, they having been left by the trial court undisturbed, except in minor respects. From this disposition of the cause in the superior court, the county has appealed to this court.

The trial court did not make any formal findings, but the enumeration of the several tracts in the decree and the specifying therein of the reduced valuation of each tract was, in effect, a finding by the court of its fair reduced value for the purposes of taxation for the taxing years in question. There was no evidence introduced to show comparative assessed valuations; that is, as between assessments of these lands and assessment of other lands similar in character and situation. So, we have here a controversy of pure excessive valuations for purposes of taxation, independent of comparative excessive valuations.

Excessive valuations for purposes of taxation may be so flagrant as to amount to constructive fraud calling for interference by the courts, though there be no evidence of excessive comparative valuation. *Tacoma Mill Co. v. Pierce County,* 130 Wash. 358, 227 Pac. 500; *Inland Empire Land Co. v. Grant County,* 138 Wash. 439, 245 Pac. 14.

 The evidence introduced upon the trial is voluminous and conflicting. As to the actual value of the several tracts, the evidence is largely opinion testimony, as is usual in such controversies. We cannot say that this evidence preponderates against the trial court's conclusions, which have further strong support in the evidence touching the depressed farming conditions and land values in Douglas county since the year 1919. To discuss the evidence in detail here with a view of demonstrating the correctness of the trial court's conclusions would be of no value. We deem it sufficient to say that we do not see our way clear to disturb the conclusions of the trial court, either as to the fair value of the several tracts for purposes of taxation, or as to the assessments made by the taxing officers being excessive to the extent of being constructively fraudulent.

 The land company's interest in some of these tracts was proven to be only its interest as mortgagee. This, counsel for the county contend, is not such an interest as entitles the land company to maintain these actions. The argument is that these are, in effect, actions to remove clouds upon the land company's mortgagor's titles to the lands, and that a mere mortgage lienor, out of possession of the mortgaged property, cannot maintain such an action.

It is true that actions of this nature have sometimes been referred to as actions to remove clouds upon title to property, as was done in our opinion in *Inland*

*Empire Land Co. v. Grant County,* 138 Wash. 439, 245 Pac. 14, where the action was so regarded for the purpose of tolling the statute of limitations; but it seems to us that, while actions of this nature are in a sense actions to remove clouds upon real property, they are something more than that. They ordinarily do not, and certainly these actions do not, contemplate the absolute removal of clouds upon the land company's mortgagor's titles as being clouds wholly without legal foundation; but they contemplate a determination of the lawful amount of the tax liens which are sought to be removed; not as clouds wholly without legal foundation, but, upon an adjudication of the correct amount thereof, ultimate satisfaction by payment of those amounts and so removing the liens constituting the so-called clouds upon the titles.

It is a well-settled general rule that a mortgage lienor has the right to protect his interest in the mortgaged property by paying superior liens thereon; 19 R. C. L. 399; 41 C. J. 605; and in our statute relating to the assessment, levy and collection of taxes, Laws of 1925, Ex. Ses., p. 292, § 103 (Rem. 1927 Sup., § 11097-103), we read:

"Any person who has a lien by mortgage or otherwise, upon any real property upon which the taxes have not been paid, may pay such taxes and the interest, penalty and costs thereon; and the receipt of the county treasurer shall constitute an additional lien upon such land, to the amount therein stated; and the amount so paid and the interest thereon at the rate specified in the mortgage or other instrument shall be collectible with, or as a part of, and in the same manner as the amount secured by the original lien."

Looking to the equities of this particular controversy, the record here warrants the conclusion that the land company's mortgage interest in the several tracts, other than those to which it has the legal title, is, as

to each, equal to or more in amount than the value of each of the several tracts in which it is so interested. It seems to us that, at all events, under the circumstances of this controversy, the land company is entitled to maintain these actions.

The decree is in all things affirmed.

FULLERTON, C. J., TOLMAN, MITCHELL, and FRENCH, JJ., concur.