[No. 23043. Department Two. July 21, 1931.]

MOUNTAIN TIMBER COMPANY, *Appellant,* v. COWLITZ COUNTY, *Respondent.*[1]

[1]Reported in 2 P. (2d) 69.

*A. E. Clark* and *Imus & Imus,* for appellant.
*Cecil C. Hallin* and *J. E. Stone,* for respondent.

TOLMAN, C. J.—The appellant corporation, as plaintiff, brought this action, alleging its corporate existence, its authority to do business in this state, and set forth by particular description numerous tracts of land in Cowlitz county of which it is the owner, alleging specifically the actual value of each tract, and asserting that the county had valued each for taxation purposes far in excess of the true value or the value which should have been placed upon it, and had levied taxes in accordance with such excessive valuation which were liens upon the land. The amended complaint continues:

"That the value placed upon said property by the assessors of Cowlitz county and the taxes levied against said property by the taxing officers of said county are so in excess of its actual value that it is a constructive fraud against the plaintiff and, unless reduced to proper and fair valuation, would bring about the confiscation of plaintiff's property; and that a great deal of said property is assessed for a great deal more than other property of like value in the same vicinity.

"That the officers of Cowlitz county are attempting to foreclose the tax liens against said property for the year 1923 and unless the amount of the assessments so assessed against plaintiff's property as herein alleged is greatly reduced by this court the defendant will sell said property unless ordered by this court to refrain from said threatened sale and to accept the amount properly chargeable against plaintiff's property, and plaintiff will lose its said property by reason of the exorbitant, excessive, and unjust assessments against the same.

"WHEREFORE, Plaintiff prays for judgment of this court adjudging the assessed valuations placed on said property by the assessing officers of said county to be excessive, unreasonable, and a fraud against plaintiff,

and that the court reduce the amount to a reasonable valuation as herein alleged, and that the treasurer of Cowlitz county, Washington, be authorized and directed to accept in full payment for all taxes against the above described property an amount to be fixed by this court; and that when the court determines and adjudges the proper value of said property that the court make an order prohibiting the assessing of said property for more than fifty per cent (50%) of the value thereof and that any and all assessments and levies to be fixed by the court shall be based upon 50% of its value; and that the court grant such other and further relief as may be just and proper in the premises."

The answer denies all allegations as to value, denies excessive valuations, admits inferentially, by the failure to deny, that the taxes assessed are as stated, and that the county is attempting to foreclose its tax liens thereon and will, unless ordered by the court to refrain, proceed to sell the property. Some affirmative matters are also pleaded in the answer, not necessary to be here noticed.

After trial on the merits, the lower court rendered a memorandum opinion in which it was suggested that the plaintiff had failed to do equity in certain particulars as alleged in the affirmative portions of the answer, and, though its lands might have been overvalued, yet it was entitled to no relief.

Thereupon, the plaintiff made application for the reopening of the case, and offered to do equity in the matters suggested by the trial court. This application was denied, apparently on the sole ground that the plaintiff had failed to plead or offer proof of any payment or tender of the amount of taxes justly due under the provisions of Rem. Comp. Stat., § 955.

A judgment dismissing the action with prejudice followed, from which the plaintiff has appealed.

The view we take of this statute on tender makes it unnecessary to discuss other questions which have been raised. This statute (Rem. Comp. Stat., § 955) reads:

"Hereafter no action or proceeding shall be commenced or instituted in any court of this state to enjoin the sale of any property for taxes, or to enjoin the collection of any taxes, or for the recovery of any property sold for taxes, unless the person or corporation desiring to commence or institute such action or proceeding shall first pay, or cause to be paid, or shall tender to the officer entitled under the law to receive the same, all taxes, penalties, interest, and costs justly due and unpaid from such person or corporation on the property sought to be sold or recovered."

The question is as to whether the statute is all-inclusive, and intended to cover all actions or proceedings attacking the legality of any tax, or whether it should be so narrowly and strictly construed as to apply only in those cases where the taxpayer in terms seeks an injunction or the recovery of property already sold.

This statute has been before this court in a number of cases, but the exact point now raised does not appear to have been explicitly passed upon.

In *Landes Estate Co. v. Clallam County,* 19 Wash. 569, 53 Pac. 670, it appears from the opinion that the action was identical with this one. The opinion opens with the statement:

"This action was brought to obtain a reduction in the assessment of taxes on certain real estate for the years 1895-96, on the ground that it had been fraudulently assessed at much more than its true value. A tender was made of what the plaintiff averred to be the amount of taxes justly due."

And it is further said:

"It is contended that no sufficient tender was alleged, but the complaint contains a direct allegation of the tender of the taxes for the years 1895-96, of the amount that the plaintiff alleged to be justly due, and that the

same was made good by bringing the amount into court; and this was not denied. The real contention, however, is that the tender was insufficient, under §§ 676, 677, 2 Hill's Code (Bal. Code, §§ 5678, 5679), because the court found that more was due than the sum tendered. If the plaintiff is bound, under this statute, at his peril, to tender a sum adequate to cover what the court may thereafter find to be a just tax, in order to maintain his action, he would be largely deprived of any benefit thereby; for, if his tender should be too small, his action would be dismissed, and, if too large, he would lose the excess. We think the statute is complied with by averring the amount justly due, and the tender of it, keeping it good and offering to pay such further sum as should be found due, if any, if such tender is made in good faith; and that the finding of a larger amount by the court, where the plaintiff had acted in good faith, could only affect the question of costs.''

Clearly, the court would not have discussed and determined the sufficiency of the tender had it not then had the thought in mind that a tender was necessary.

In *Spokane & Inland Empire R. Co. v. Spokane County*, 82 Wash. 24, 143 Pac. 307, so far as appears from the opinion of the court, the relief asked did not go beyond what is asked here, and yet the court assumed a tender to be necessary, and held that a tender had been properly pleaded.

In *Northern Pacific Railway Co. v. Franklin County*, 118 Wash. 117, 203 Pac. 27, clearly no formal injunction was sought, but again a tender was made which was sufficient.

*Shepard v. Vincent*, 38 Wash. 493, 80 Pac. 777, cited by the appellant, was an action between private parties, and in no way involved the right of a county to collect taxes.

*Bullock v. Wallace*, 47 Wash. 690, 92 Pac. 675, also between private parties, simply holds that the statute

in question does not apply to an ordinary action in ejectment where the plaintiff was ousted by one claiming under a void tax title.

The case of *City of Everett v. Morgan,* 133 Wash. 225, 233 Pac. 317, 237 Pac. 508, holds that a preliminary tender of taxes due the county is not a condition precedent to an action to foreclose a delinquent local assessment.

The cases of *Inland Empire Land Co. v. Grant County,* 138 Wash. 439, 245 Pac. 14, and *Inland Empire Land Co. v. Douglas County,* 149 Wash. 253, 270 Pac. 812, do somewhat stress the thought that such an action as this is in the nature of one to remove a cloud from the title of real estate. But even so, in an action to remove a cloud, the usual form of decree enjoins the assertion of any claim, right or title adverse to that which is held to be the true title, but, whether or no that form be followed, actually a decree quieting title has the effect of enjoining adverse claims.

So here, appellant, while not seeking a temporary or preliminary injunction, did in legal effect ask for a permanent injunction. Whatever the form of words used (and we have quoted sufficiently from the complaint to indicate the words used here), the true intent and purpose was to secure a judgment or decree which would forbid the county the right to collect the excessive taxes, and so far as the county might be so forbidden, it would be by such a decree enjoined from collecting the amounts found to be excessive.

Since the statute was properly construed by the trial court, the judgment is affirmed.

BEELER, BEALS, PARKER, and MITCHELL, JJ., concur.