[No. 23591. *En Banc.* August 11, 1932.]

ROBERT BESTMAN, *Respondent*, v. SNOHOMISH COUNTY, *Appellant.*[1]

*Charles R. Denney,* for appellant.
*Wm. A. Johnson,* for respondent.

PARKER, J.—The plaintiff, Bestman, seeks recovery from Snohomish county of an alleged excessive amount of taxes levied by the taxing officers of that county upon two adjoining lots, constituting one property, owned by him, situated in the city of Everett; he having paid under protest the whole amount of the taxes so levied upon the lots. Trial in that court resulted in findings and judgment awarding to Bestman recovery in the sum of $397.50, with interest, from which the county has appealed to this court.

The only question to be considered is as to whether or not the trial court erroneously decided that the valuation placed upon the property for purposes of taxation was so excessive in amount as to constitute constructive fraud as against Bestman, the owner thereof.

[1]Reported in 13 P. (2d) 503.

The trial court found and concluded, in part, as follows:

"(3) That the said lots were assessed and valued for the year 1930 by the county assessor of said county, upon a total valuation of $12,500 each or $25,000, and carried upon the assessment roll at $6,250 each, or $12,500 for both.'

"(4) There was levied upon each of said lots a tax for the year 1930 of $496.87, or $993.74 for both, and on February 9, 1931, said plaintiff paid said tax to said defendant under protest.

"(5) That the fair, full market value of each of said lots as of March 1st, 1930, the date of the assessment for 1930-1931, was the sum of seven thousand five hundred dollars each, and the said lots should have been placed on said assessment roll at $3,750 each, on the fifty per cent basis used in preparing said roll.

"And from the foregoing findings of fact the court makes the following

"CONCLUSIONS OF LAW.

"(1) That the said assessment and overvaluation, being in the amount of 67⅔ per cent above the true and actual value of said lots is so grossly excessive as to be constructively fraudulent."

The evidence, we think, abundantly supports these findings. The tax charged against the lots was computed upon the assessed valuation of twelve thousand five hundred dollars, that valuation being fifty per cent of the total value as fixed by the assessor. This was in accordance with Rem. Comp. Stat., § 11121, requiring that "all property shall be assessed fifty per cent of its true and fair value in money," and would be correct if the total valuation of twenty-five thousand dollars was not excessive.

The trial judge considered only the valuation and assessment of the land apart from its improvements. Rem. Comp. Stat., § 11121, further provides:

"In assessing any tract or lot of real property, the value of the land, exclusive of improvements, shall be

determined; also, the value of all improvements and structures thereon and the aggregate value of the property, including all structures and other improvements, . . ."

The improvements on the lots consisted of an old hotel building, with stores on the street floor, which was valued by the assessor at six thousand dollars and assessed at three thousand dollars, as to which no complaint is made in behalf of Bestman. Adding this three thousand dollar assessment to the twelve thousand five hundred dollar assessment of the land, and treating these as one total assessment, it would appear that the assessment made by the assessor would be only 47⅔ per cent overvaluation. Counsel for the county insist that this is, in any event, the extent of the overvaluation rather than the 67⅔ per cent overvaluation; and also that the building was underassessed, making the percentage of overvaluation much less. We do not think the evidence warrants the conclusion that the hotel building was undervalued or underassessed.

The evidence, we think, renders it clear that the land was overassessed, as found by the trial judge, and that whichever measure of overassessment be adopted in this case, that is, 47⅔ per cent overassessment of the land and building, or 67⅔ per cent overassessment of the land alone, the judgment of the trial court should be affirmed. Our decisions in *Northern Pac. R. Co. v. Pierce County*, 127 Wash. 369, 220 Pac. 826, *Tacoma Mill Co. v. Pierce County*, 130 Wash. 358, 227 Pac. 500, and *Inland Empire Land Co. v. Grant County*, 138 Wash. 439, 245 Pac. 14, lend support to our conclusion.

The judgment is affirmed.

TOLMAN, C. J., MAIN, MITCHELL, BEALS, HERMAN, HOLCOMB, and MILLARD, JJ., concur.