*J. D. Jones, R. D. Davis, for appellant.*

*P. W. Hardin, for appellee.*

---

### Davis, Moody & Co. *v.* John H. Wiley.

[Kentucky Law Reporter, Vol. 3—315.]

**Recovery on Contract by One Not Party to It.**

A third person may maintain an action in his own name upon a contract supported by a consideration, made in his favor though not made with him.

**Defective Pleading Cured by Verdict.**

Where there is a defect in a pleading which would have been fatal on demurrer, yet if the issue joined is such as necessarily required on the trial proof of the facts so imperfectly stated or omitted in the pleading and without which the jury would not have given the verdict, such defect or omission is cured by the verdict.

**Statute of Frauds.**

The statute of frauds applies only to promises made to the person to whom another is already or is to become responsible, and not to promises made to the debtor, on a sufficient consideration. A promise made to the debtor and not to the creditor is not a promise to answer for the debt of another within the meaning of the statute.

**Power of Partner to Bind the Partnership.**

One partner may bind the firm in all business relating to the partnership and in the regular and necessary course of the business, whether the partnership be commercial or noncommercial.

### APPEAL FROM JEFFERSON CIRCUIT COURT.

October 25, 1881.

Opinion by Judge Lewis:

On the 19th day of March, 1870, the firm of Davis, Storts & Co. executed a promissory note for $400 to appellee, and on the 1st of January, 1876, the firm of Davis, Moody & Co., composed of Wm. Davis, Geo. E. Moody, John Mangold and —— Camp-

bell, executed to him a note for the same amount. This is an action by appellee against the present firm of Davis, Moody & Co., composed of Geo. E. Moody, John Mangold and John Mitchell, to recover the amounts of the two notes, less credits specified, upon the alleged promise and undertaking of the latter firm to pay, as the successors, the debts of the two preceding firms.

Upon the trial the jury returned a general verdict in favor of appellee for the amounts of the two notes subject to credits allowed, and also thirteen special verdicts. Appellants moved the court for judgment in their favor upon the special verdicts, notwithstanding the general verdict, and also, upon grounds filed, moved the court to set aside the general verdict and grant them a new trial. But, both motions being overruled and a judgment rendered in accordance with the general verdict, they have appealed to this court, and assigned the following errors.

1. That the court erred in overruling their motion for judgment upon the special verdicts, notwithstanding the general verdict, and in giving judgment for appellee.

2. In refusing to render judgment for them, or to dismiss the petition as to either of the notes.

3. In overruling their motion for a new trial.

The grounds of motion for a new trial are: 1. That the court erred in giving instructions not asked by the plaintiff. 2. That the general verdict is not sustained by sufficient evidence. 3. That the general verdict is contrary to law. But as the record does not show at whose instance any of the instructions were given, and there is no bill of exceptions containing the evidence, this court can not consider the two first grounds. The third ground will be considered in connection with other questions.

Various questions arising from both the pleadings and proceedings had at the trial are presented. But as no demurrer was filed in the court below, the inquiry as to the sufficiency of the pleadings must be confined to the objections that the petition does not state facts sufficient to constitute a cause of action, and the reply does not state facts sufficient to constitute a defense to the answer and set-off.

The first question to be determined is whether appellee can maintain this action at all, founded, as it is, upon the alleged

promise of appellants, made not to him but to the firms of Davis, Storts & Co., and the first firm of Davis, Moody & Co., to pay their debts, including the notes given to him. There is a conflict of the authorities in this country upon the subject, and the right was not recognized in the earlier decisions of this court; but it is now settled in this state that a third person may maintain an action in his own name upon a contract supported by a consideration, made in his favor though not made with him. *Smith v. Lewis,* 3 B. Mon. (Ky.) 229; *Lucas v. Chamberlain,* 8 B. Mon. (Ky.) 276; *Allen v. Thomas,* 3 Met. (Ky.) 198, 77 Am. Dec. 169; Story on Bailments, § 103; 1 Chitty on Pleadings 4. Such third person may sue upon such contract without a consideration passing from him to the promissor.

Appellants contend that this action being founded upon their alleged parol promise made to the preceding firms to pay the notes, rather than upon the note, the petition is fatally defective because it is not alleged there was a consideration for such promise. It is true no consideration is alleged in express terms, but it is attempted to be, and is imperfectly pleaded. It is stated substantially in the petition that the appellants are the successors of Davis, Storts & Co., and the first firm of Davis, Moody & Co., and as such agreed to pay their debts, including the two notes given to appellee. Appellants might have demurred in the courts below, but having failed to do so, and filed their answer and gone to trial, the defect of the petition on that account must be disregarded by this court if the issue was either made by the answer or submitted to and tried by the jury. "Where there is any defect, imperfection or omission, even of substance, in a pleading which would have been fatal on demurrer, yet if the issue joined be such as necessarily required on the trial proof of the facts so imperfectly stated or omitted, and without which it is not to be presumed the judge would direct the jury to give, or the jury would have given the verdict, such defect or omission is cured by the verdict;" and it would be more than useless to send the case back from this court in order that the declaration should be amended by introducing that fact to be again presented for the consideration of the jury. *Wilson v. Hunt's Admr.,* 6 B. Mon. (Ky.) 379; *Louisville & Portland Canal Co. v. Murphy,* 9 Bush (Ky.) 522, quoting 1 Chitty on Pleadings 673. In their answer, though denying they agreed to pay either

of the notes, appellants do not deny they are the successors of the two firms by whom they were executed.    Besides, they file with their answer and plead as an off-set to the note given March 3, 1870, an account beginning about that date, and which manifestly belonged to the two preceding firms, for the firm sued in this case did not then exist.    But even if the issue of consideration or no consideration be not expressly made by the pleadings, it must be presumed it was submitted to and tried by the jury, and therefore that objection to the petition is not available here.

It is contended that the action, being upon a promise to answer for the debt of another, is inhibited by Gen. Stat. (1881), Ch. 22, § 1.    It is only where the promise is distinctly collateral that it is within the statute, and the party for whom the promise has been made must be liable to the party to whom it was made. The statute applies only to promises made to the person to whom another is amenable.    3 Parsons on Contracts (6th ed.), 21-27, and notes.    That the statute of frauds applies only to promises made to the person to whom another is already or is to become responsible, and not to promises made to the debtor, on a sufficient consideration, may be regarded as conclusively settled both in England and in this country.    *North v. Robinson,* 1 Duv. (Ky.) 71 ; *Lucas v. Chamberlain,* 8 B. Mon. (Ky.) 276 ; *Hayden v. Christopher,* 1 J. J. Marsh. (Ky.) 383.    In this case the promise is made to the debtor, and not to the creditor, and is not a promise to answer for the debt of another in the meaning of the statute.

Appellants say that the reply contains no specific denial of the account pleaded by them as a set-off, and therefore judgment should have been rendered in their favor for the amount of it. Though the allegation of the answer in respect to the account is not traversed in the reply, a settlement of the account on the first of January, 1876, is alleged, and one of the questions submitted to the jury, to which they responded affirmatively in a special verdict, was whether there was such settlement.

As defenses to the note dated January 1, 1876, it is alleged in the answer:  1.  That it is not the act and deed of the first firm of Davis, Moody & Co.  2. That it was executed by Wm. Davis, a member of that firm, without the knowledge or consent of the other members of the firm, and in pursuance of a fraudulent agreement between him and appellee.  3. That it is without consideration.

In the absence of the evidence heard upon the trial, the facts can be but imperfectly understood, and only such conclusions can be arrived at as may be deduced from the pleadings and special findings of the jury. The jury, in the special verdicts, find and say, in substance, that the salary of the first firm of Davis, Moody & Co., paid to appellee during the year 1875, was thirty dollars per week, and none of the members of that firm but Davis agreed to pay him more than that for that year; that the note was executed by Davis without the consent of the other members of the firm, and they did not know of its execution at the time, and first learned of its existence from appellee in July, 1878. The jury further find that the note was given for balance of unpaid salary, and that appellee did not purposely conceal the fact that he held the note.

It then appears the note was executed by a member of the firm, and the consideration of it was unpaid salary. The other facts, that it was given without the knowledge or consent of the other members, and that the salary paid for 1875 was thirty dollars, and no other member of the firm except Davis agreed to pay more, do not invalidate the note because they stand isolated and appear to have no bearing upon the simple question whether the firm was indebted to appellee in the amount for which the note was given. Certainly they cannot, unexplained and unaided, negative the other fact found by the jury, that the note was given for the balance of unpaid salary, nor countervail the logical deduction from that fact, that such balance was a just demand. Neither is the court authorized, as the record stands, to say, notwithstanding the verdict of the jury and judgment of the court below, the execution of the note was fraudulent.

But counsel for appellants contend that, it being fairly inferable that the partnership was noncommercial, it is a question of fact, and not of law, whether one of the partners had the power to bind the firm, and that, according to the doctrine announced by this court in the case of *Judge v. Braswell,* 13 Bush (Ky.) 67, 26 Am. Rep. 185, it rested upon appellee to show either express authority in Davis to execute the note, or that such was the custom and usage of that particular branch of business in which the firm was engaged, or such facts as will warrant the conclusion the requisite authority had been given.

One partner may bind the firm in all business relating to the partnership and in the regular and necessary course of the business, whether the copartnership be commercial or non-commercial. There is no question of appellee being in the service of the firm, with the knowledge and consent of all the members of the firm. The jury say the note was given for a balance of salary due to appellant for his services to the firm. It would be a perversion of the law to say that a firm thus partly indebted for services rendered by its servant or agent is not bound upon a note given in consideration of such indebtedness, merely because no express authority is shown in any one member to execute it.

The general verdict does not appear to be inconsistent with the special verdicts, and we perceive no error in the refusal of the court to disturb it.

Wherefore the judgment is *affirmed.*

*Russell & Helm, for appellants.*

*Rodman & Brown, for appellee.*

[See following case in which rehearing is granted and case reversed. Cited, *Ingram v. Cincinnati &c. R. Co.,* 32 Ky. L. 849, 107 S. W. 239.]