S. R. ROGERS, *as Treasurer of Johnson County, et al.*, v.
THE KANSAS CITY, TOPEKA & WESTERN RAILROAD
COMPANY.— SAME V. THE PLEASANT HILL & DE
SOTO RAILROAD COMPANY.—THE KANSAS CITY, TO-
PEKA & WESTERN RAILROAD COMPANY V. S. R. ROG-
ERS.— THE PLEASANT HILL & DE SOTO RAILROAD
COMPANY V. SAME.

INJUNCTION *to Restrain Collection of Taxes—Penalty.* The penalty of
50 per cent., prescribed by ¶ 6975 of the General Statutes of 1889,
in cases where the county treasurer or sheriff shall, by injunction,
be restrained from the collection of taxes due upon personal prop-
erty, and the injunction is dissolved, only applies to the taxes in
dispute, and does not attach to taxes admitted to be due and ten-
dered before the injunction suit is commenced.

## *Error from Wyandotte District Court.*

ACTIONS by the Kansas City, Topeka & Western Railroad
Company against S. R. Rogers, S. R. Rogers, as treasurer of
Johnson county, and the board of commissioners of that
county, and by the Pleasant Hill & De Soto Railroad Com-
pany against the same defendants, to recover taxes alleged to
have been illegally assessed. The venue of the above actions
was changed to Wyandotte county. Demurrers were sustained
to the petitions as against S. R. Rogers individually, and plain-
tiffs bring error; and, demurrers being overruled as against
the other defendants, they also bring error.

*Parker & Seaton, A. Smith Devenney*, and *John T. Little*,
for S. R. Rogers and board of county commissioners.

*George R. Peck, A. A. Hurd*, and *J. G. Egan*, for the rail-
road companies.

Opinion by GREEN, C.: These actions were brought against
the board of county commissioners of Johnson county, S. R.
Rogers, and S. R. Rogers as county treasurer, to refund cer-
tain taxes which it was claimed by the railroad companies
were excessive and illegal, and had been demanded by the

treasurer and paid under protest by the companies.    The railroad companies owned and operated certain lines of railroad in Johnson county in 1883.    Among the taxes levied for that year, there were included two items designated as "the railroad commissioners' tax" and "the poor-fund tax," which the companies claimed were unauthorized and illegal. They were desirous of testing the validity of these two items of taxes, and, in order to do so, tendered, prior to the 20th day of December, 1883, all of the other taxes then due, less the rebate, which sums the county treasurer refused to accept. A suit was commenced to determine the validity of these two items.    It was finally decided by this court that "the railroad commissioners' tax" was illegal.    The poor-fund tax was sustained.    Upon the termination of that litigation, the county treasurer charged the railroad companies a penalty of 5 per cent. upon the amount of the taxes, less the amount of the road tax, which had been paid, and the railroad commissioners' tax, which had been decided to be illegal; and the treasurer also charged 50 per cent. interest upon the full amount of the taxes, including the amount previously tendered.    The treasurer issued his warrants to the sheriff of the county.    The railroad companies paid the taxes, interest and penalties charged, under protest, and commenced these actions to recover the difference between the taxes admitted to be due and the amount charged against them.    The district court sustained demurrers to the petitions as against S. R. Rogers individually, to which the railroad companies excepted; and overruled the demurrers as to each of the other defendants in the court below.    The railroad companies complain of the ruling of the district court in sustaining the demurrer to S. R. Rogers personally, while the board of county commissioners and the treasurer assign as error the overruling of the demurrer as to them.

It is contended by counsel for the treasurer and the board of county commissioners that the tax law in relation to the 50 per cent. penalty attaches such penalty not only to the taxes in dispute, but also to the original taxes tendered, when it is

finally determined that the amount so tendered is less than the sums found to be legally due; that the penalty operates on the whole of the taxes, where you tender less than the sum finally found to be due. It is urged that the petitions showed that the sums sued for were penalties for not tendering the full amount due, which the law legally imposed upon the railroad companies to pay. Paragraph 6975, General Statutes of 1889, provides that —

"In cases where the county treasurer or sheriff shall, by injunction, be restrained from the collection of taxes due upon personal property, and the injunction be dissolved, the county treasurer or sheriff shall collect the original taxes and penalties, with interest from the date of the injunction at the rate of 50 per cent. per annum."

It is argued by counsel for the railroad companies that this statute does not refer to unpaid or defaulted taxes, but only to those which the officer is restrained from collecting; that the penalty only attaches to the taxes enjoined. The rule is well settled in this state, that where an injunction has been applied for to restrain the collection of a tax partly legal and partly illegal, the court has made the payment or tender of the legal taxes a condition precedent to the granting of the injunction. This was doubtless done in the original suits, in which the taxes enjoined were in part sustained. This court has said, too, that where an assessment is excessive, an injunction will not be granted until the amount of taxes upon a reasonable and fair valuation of the property is first paid or tendered. (*Wilson v. Longendyke*, 32 Kas. 267.)

We think it safe to say that from these well-settled rules, requiring a payment or tender of the legal taxes due before an injunction will be granted, we should deduce the further rule that the different items going to make up the aggregate amount of the taxes are divisible, as well as the whole amount charged upon the tax-rolls. If the rule of divisibility be the correct one, and we think it is, the treasurer might have received the amounts tendered by the railroad companies. If he had accepted the same, it could hardly be claimed that the

penalties would attach to the amounts so tendered.   The rule that penalties are not to be extended by implication and are not to be exacted unless expressly imposed by statute, is quite well established. (*Elliott v. Railroad Co.*, 99 U. S. 573; *People v. Peacock*, 98 Ill. 172; Cooley, Tax. 459.)   There was no question raised which challenged the validity of the taxes covered by the tender.   We think the law affixing the penalties only applies to the taxes in dispute.   We recommend an affirmance of the judgments in No. 6126, *S. R. Rogers et al. v. The Kansas City, Topeka & Western Railroad Co.*, and No. 6127, *S. R. Rogers et al. v. The Pleasant Hill & De Soto Railroad Co.;* and a reversal in No. 6220, *The Kansas City, Topeka & Western Railroad Co. v. S. R. Rogers*, and No. 6221, *The Pleasant Hill & De Soto Railroad Co. v. S. R. Rogers.*

By the Court: It is so ordered.

All the Justices concurring.