[No. 16641.   Department Two.   December 29, 1921.]

NORTHERN PACIFIC RAILWAY COMPANY, *Appellant,* v. FRANKLIN COUNTY *et al., Respondents.*[1]

TAXATION (205, 211) — EXCESSIVE ASSESSMENT — REDUCTION — TENDER OF TAX—PENALTY — STATUTES.   Where a taxpayer has tendered the full amount of tax assessed against his property, with the exception of a special road tax, within the time entitling him to a three per cent rebate under the statute, which tender was refused by the county because it did not include the road tax, on the acceptance of the tender by the county on a later date, the taxpayer is not chargeable with interest on the amount of the tax because it had not actually been paid within the statutory time.

SAME (205, 211)—EXCESSIVE ASSESSMENT—TENDER OF TAX—PAYMENT—RIGHT TO DISCOUNT.   Under Rem. Code, § 9219, allowing a rebate of three per cent for the payment of taxes in one payment on or before March 15th, a tender of the amount due prior to that date, except road taxes, which were contested, which tender was refused because road taxes were not included, entitles the taxpayer to the three per cent rebate on the acceptance of the tender by the county at later date, although the validity of the road tax had been confirmed by the courts.

HOVEY, J., dissents.

Appeal from a judgment of the superior court for Franklin county, Truax, J., entered April 4, 1921, upon sustaining a demurrer to the complaint, dismissing an action to compel the acceptance of a tax.   Reversed.

*Geo. T. Reid, J. W. Quick, L. B. da Ponte,* and *C. A. Murray,* for appellant.

*C. M. O'Brien,* for respondent.

· MACKINTOSH, J.—The appellant prosecuted an action which is reported in *Spokane, Portland & Seattle R. Co. v. Franklin County,* 106 Wash. 21, 179 Pac. 113, against the respondents, seeking to have declared void the road tax levied against its property in road district No. 1,

[1]Reported in 203 Pac. 27.

Franklin county, for the year 1917. Before March 15, 1918, the appellant tendered to the respondent county treasurer the entire amount of its taxes for the preceding year, except the road tax in controversy. The tender was "made unconditionally and without prejudice to the right of the county to claim or recover any additional sum appearing from the tax rolls to be due." The tender was refused, the reason given being "that the amount tendered was not equal to the amount of taxes extended upon the rolls of said county against said property." The amount tendered was the entire amount as it appeared upon the tax rolls, except the road tax in controversy, less three per cent discount for payment prior to March 15. On September 19, 1918, by virtue of a stipulation, the treasurer accepted the tender upon the terms which had originally been made. The litigation involving the road tax terminated in a decision confirming its validity. The county now claims penalty on the amount tendered from June 1, 1918, to the date of its acceptance of the amount, to wit, September 19, 1918, and also denies the right of the company to the three per cent discount. This action was brought for the purpose of compelling the county to issue a receipt in full for the taxes of 1917, and a demurrer being sustained to the complaint, the railroad company has appealed.

Section 9219, Rem. & Bal. Code, provides for the method of the payment of taxes, in that taxpayers may pay one-half of their taxes on or before the 31st of May, and in that event the remaining one-half may be paid on or before the 30th of November, and provides further that there shall be an allowance of three per cent rebate to taxpayers who pay all of their taxes in one payment, on or before the 15th day of March. Sections 955 and 956, Rem. & Bal. Code, relate to the

method of contesting taxes and provide that, before any person may begin an action to enjoin the collection of taxes he shall pay or tender "all taxes . . . justly due and unpaid," and must allege compliance with this provision in his complaint. The principal intent of the statute is that, in cases where a taxpayer is making a *bona fide* contest against his taxes, or a portion of them, that he must, before instituting that action for the cancellation of the taxes which he claims are illegal, pay the taxes about which he is making no contest, and if this is his duty, it is certainly the duty of the county to accept the taxes so tendered, and the payment thus received absolves the taxpayer from any penalty upon that amount. If the taxpayer is successful in his litigation, of course his taxes have been paid in full; if he is unsuccessful, he is then compelled to pay not only the amount of the taxes unpaid, but the penalty thereon for failure to pay within the time prescribed by law. So, in either event, the county receives the full benefit which the law gives it in the collection of its revenue. When the appellant here tendered to the county treasurer the amount of the undisputed taxes it was the duty of the treasurer to accept that amount, and his failure to do what the law imposes upon him cannot result in penalizing the appellant. The tender which was made on March 15, 1918, was in effect a payment on that date, and the county has been deprived of the use of the money from that time until it finally accepted it, not through any fault of the appellant, but through its own mistaken judgment. Of course, the tender to have the effect of payment must be an unconditional tender, and such it was in the case before us.

Likewise the appellant is entitled to the three per cent discount for payment prior to March 15, for at

that time it did everything that the law required it to do in order to entitle it to a discount, for it then paid the full amount of its taxes, less the road tax, which was contested, and had it been successful in its contest, it would have a right to the three per cent discount; being unsuccessful, the penalty attaches to the amount it contested, and which was finally declared to be due, but cannot attach to the amount which it paid within the statutory time to entitle it to the rebate. The reasoning in the case of *State ex rel. First Thought Gold Mines v. Superior Court,* 93 Wash. 433, 161 Pac. 77, cited by counsel, bears out the conclusion to which we have arrived. The statement in that case, ''when a taxpayer contests the whole of a tax as illegal, and the court finds that it is valid *in toto,* he is bound to pay the statutory penalty'', manifestly does not relate to a case such as the one here, where the taxpayer has tendered a portion of the taxes and is only contesting the balance upon which he must pay the penalty in the event of his litigation being unsuccessful.

The lower court was in error in sustaining the demurrer. The judgment is reversed with instructions to overrule the same.

FULLERTON, MAIN, and HOLCOMB, JJ., concur.

HOVEY, J. (dissenting in part)—I concur in reversal as to the twelve per cent interest, but believe credit should not be allowed for the three per cent. The former is a penalty, the latter is allowed in lieu of interest for the use of the money. The plaintiff has the use of the money—not the county.