Jaggar v. David.

No. 26,432.

V. Jaggar, *Appellant*, v. Rollie David, County Treasurer, and Walter Gann, Sheriff, *Appellees.*

SYLLABUS BY THE COURT.

1. Taxation—*Action to Enjoin Collection—Evidence.* In an action to enjoin the collection of taxes the evidence considered and held sufficient to sustain the findings and judgment of the court.

2. Same—*Partially Wrongful Injunction—Penalty.* Where the plaintiff enjoined the collection of taxes on items aggregating $12,800 and was successful as to one of such items amounting to $5,000 but wrongfully enjoined the collection of taxes on other items aggregating $7,800, he was liable under the statute (R. S. 79-2323) for the fifty per cent penalty on the latter amount.

Appeal from Logan district court; Jacob C. Ruppenthal, judge. Opinion filed November 6, 1926. Affirmed.

*J. H. Jenson,* of Oakley, and *J. A. Fleming,* of Topeka, for the appellant.

*B. W. Brooke,* of Winona, and *Guy L. Hursh,* of Topeka, for the appellees.

The opinion of the court was delivered by

Hopkins, J.: The action was one to enjoin the collection of taxes on certain promissory notes which had escaped assessment. Injunction was allowed in part and refused in part. The plaintiff appeals.

On January 9, 1921, John E. Nolind and wife executed and delivered to the plaintiff six notes in various amounts aggregating $25,000. They were secured by mortgage duly recorded on certain real estate in Logan county. They were all given in renewal of other notes theretofore given by the same parties. The undisputed testimony and a stipulation between the parties excludes from consideration here all but one note for $3,000 and one for $4,800. These

Appeal and Error, 4 C. J. p. 876 n. 78.  Taxation, 37 Cyc. p. 1544 n. 64.

47—121 Kan.

two notes were not included in the plaintiff's personal property statement for the year 1922, and were later entered by the authorities as property which had escaped assessment.

The plaintiff contends that one of the notes was the property of the First National Bank, of which he was cashier, and the other one was owned in part by the bank. The controversy was one essentially of fact depending largely upon the testimony of the plaintiff and the records of the bank. We do not deem it necessary to set out and analyze the evidence. The note itself and the records controverted in some respects the oral testimony of the plaintiff. Considering all the evidence, the court, among other things, found that:

"The note for $3,000 and the note for $4,800 were each taken in the name of V. Jaggar, were originally owned by V. Jaggar, plaintiff, were never transferred to the First National Bank of Oakley, and never belonged to the said bank, nor was either note ever part of the assets of said bank. The plaintiff did not at any time receive consideration from said bank for either of said notes or any part of either note, but instead, said notes were each the property of plaintiff, V. Jaggar, on March 1, 1922. Plaintiff V. Jaggar did not list in his personal property statement for taxation for the year 1922 said note of $3,000 nor said note of $4,800, nor any part of either of said notes."

The court concluded that:

"Defendants should be enjoined from collecting taxes on $17,200 of the $25,000 mentioned in the findings herein as secured by mortgage on real estate, as said sum of $17,200 was not subject to taxation as the property of plaintiff, V. Jaggar.

"Defendants are entitled to judgment, permitting them to proceed to collect taxes and penalties on the remaining $7,800 of said total of $25,000 as provided by statute, for the year 1922, and are entitled to have dissolved the temporary injunction issued herein restraining collection of taxes and penalties so far as said restraint applies to $7,800; and

"Defendants are entitled to judgment for $——, the amount of taxes and penalties, with interest at fifty per cent per annum from date of the injunction herein."

The controversy being one essentially of fact, and there being evidence to support the trial court's finding, it cannot be disturbed on appeal.

A contention by the plaintiff that the penalty should not apply when the injunction is upheld as to any portion of the assessment is not sound. The plaintiff was bound to know what property should be returned by him for taxation, and if an attempt was being made to compel him to pay taxes on some amounts for which he was liable and on some for which he was not liable, he could have tendered the

amount of taxes which he actually owed and enjoined collection of the remainder.

It has been held that the fifty per cent penalty applies only to taxes in dispute and does not attach to taxes admitted to be due and tendered before an injunction suit is commenced. (*Rogers v. K. C. T. & W. Rld. Co.*, 48 Kan. 471, 29 Pac. 761.) In the instant case there was no tender and no tax admitted to be due. The plaintiff enjoined the officers from collecting taxes on $7,800, which injunction was set aside and, therefore, under the statute (R. S. 79-2323) he clearly became liable for the fifty per cent penalty.

The judgment is affirmed.