Commonwealth, for Use and Benefit of McCreary Board of Education, et al. v. Cincinnati, N. O. & T. P. Ry. Company.

(Decided Dec. 16, 1932.)

(As Modified Jan. 24, 1933.)

STEPHENS & STEELY and E. L. STEPHENS for appellants.
TYE, SILER, GILLIS & SILER for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Reversing.

For the school year, beginning July 1, 1927, the fiscal court of McCreary county made a levy of 60 cents on each $100 of taxable property in the county for common school purposes. It made a like levy for the two succeeding years. The Cincinnati, New Orleans & Texas Pacific Railway Company had property in the county assessed for 1927 at $765,581. It paid a tax of 50 cents on each $100 of property, but refused to pay the remaining 10 cents on the ground that the fiscal court was without authority to levy over 50 cents for common school purposes. The railway company paid the amount it admitted to the sheriff, and, after his term of office had expired, this action was brought on August 11, 1930, in the name of the commonwealth for the use and benefit of the McCreary County Board of Education against the railway company to recover the balance of the taxes, which was $765.58 for the first year; $789.48 for the second year, and $829.80 for the third year. The defendant filed a special demurrer to the petition on the ground that the plaintiffs had no legal capacity to sue; the special demurrer being overruled, it filed a general demurrer which was overruled. It then filed answer; the issues were made up and proof heard, and on final hearing the circuit court dismissed the petition. The plaintiffs appeal.

The tax was levied under the provisions of section 4399a-8, Ky. Stats., which, after providing that, when the assessor's books are completed, the county clerk shall certify to the county superintendent the total assessed valuation of property in the county subject to taxation, adds these provisions:

"Upon receipt of such certificate from the county court clerk, it shall be the duty of the county board of education each year to prepare subject to

the rules and regulations of the state board of education and on and with the advice of the county superintendent, an itemized and detailed school budget, showing the amount of money needed for supplementing teachers' salaries, for permanent improvements, repairs, furniture, old buildings, maintenance and support of schools during the succeeding school year and also the estimated total amount that will be received from the state and the amount that will be needed to be raised by local taxation, including the rate of levy necessary to raise such amount which in no event shall be less than twenty-five cents (25 cents) nor more than seventy-five cents (75 cents) on each one hundred dollars ($100.00) worth of taxable property in the territory affected by this act. This annual school budget shall be submitted in writing to the county court clerk not less than ten days before the usual day for making the county levy and it shall be the duty of the clerk of the county court to present it to the fiscal court when it convenes to make the annual county levy.

"In any county in which a rate of more than fifty cents to the hundred dollars is levied for school purposes, it will become the duty of the county board of education to maintain its schools for a minimum term of eight months.

"Provided, that half the revenue arising from such tax, together with the state per capita apportioned to such county board, will enable it to pay a standard salary of seventy-five dollars ($75.00) per month to its teachers, allowing an average of one teacher for every fifty children in its county school census.

"Provided, further, that in any county whose school revenue when so apportioned will not enable it to maintain such a salary schedule for a term of as much as eight months, the county board may accordingly maintain the elementary schools for a term of either six or seven months, conditioned upon approval of same by the state board of education given after consideration of facts submitted by the county board showing its inability to maintain standard salaries for full term of eight months.

"When such budget has been submitted to the fiscal court as herein provided, it shall be the duty of the fiscal court to make. the levy therein recommended and demanded, upon all taxable property subject to State taxation in such county, exclusive of property located in graded school districts and cities and towns, maintaining a separate and distinct system of common schools."

It was the custom of the county board of education to make out its budget in triplicate—one copy was filed with the county court clerk for the fiscal court, the other two copies were sent to the state superintendent at Frankfort for approval, and, when approved, one copy was returned by him to the county superintendent for his record. The county courthouse in McCreary county was burned after the records for the year 1927 were made up and so the original files there cannot now be produced, but copies have been obtained from the state superintendent at Frankfort. The record shows that the budget for the first year was made out on November 30, 1926, filed then with the county clerk and that the levy was made by the fiscal court on December 31, 1926; the budget for the year beginning July 1, 1928, was made out and filed with the county clerk on March 5, 1928, and the levy was made by the fiscal court on April 4, 1928; for the year beginning July 1, 1929, the budget was made out and filed with the county clerk on March 4, 1929, and the levy was made on October 3, 1928. The state board in 1927, seems to have proceeded upon the idea that, unless some part of the budget was disapproved, it need take no action and that its silence was an approval of the budgets. In this way no action of record was taken on the budget by the state board in 1927. In 1928 and 1929 the budgets were simply marked approved by the assistant superintendent Gordie Young, but later the board got in doubt as to whether this was the proper way to do, and so, on August 14, 1929, the state board had a meeting and approved the budgets, above referred to, for the years 1928 and 1929, by an order entered of record. But these minutes were not signed up to the time the proof was taken. The evidence shows that the schools in McCreary county did not operate for a term of eight months and that a minimum salary of $75 a month was not paid to the teachers. Most of the schools in fact operated six or seven months and some of them for eight months. The case

is here on the merits; all formal defects are cured. Davis, Moody & Co. v. Wiley, 3 Ky. Law Rep. 315. The question presented by the record is, Is the levy made by the fiscal court above 50 cents void under these facts?

All the questions raised here were before this court in the case of Newell v. Cincinnati, New Orleans & Texas Pacific Railway, 246 Ky. 628, 55 S. W. (2d) 662, January 17, 1933, where holding the tax valid, the court said:

> "The action of the fiscal court of Pulaski county levying the taxes for the two years involved must be regarded as having been taken upon sufficient information authorizing the exercise of the discretion vested in it. Obviously, if the school board failed to maintain the standards anticipated by the law or did not properly spend the money, it breached its duty, but that fact could in no way affect the validity of the tax."

Judgment reversed, and cause remanded for a judgment as above indicated.