## Cincinnati, N. O. & T. P. Ry. Co. v. Commonwealth ex rel. Barkley, Sheriff, for Use and Benefit of Scott County, Ky., et al.

(Decided Feb. 20, 1934.)

BRADLEY & BRADLEY for appellant.
JOHN F. FORD, Jr., for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

This suit was brought for the benefit of Scott county, Ky., Scott county board of education, and the board of education of Corinth consolidated school, to recover taxes assessed against the Cincinnati, New Orleans & Texas Pacific Railway Company for the year 1932; interest and penalties of $935.30 for the county; $789.45 for the county school; and $51.94 for the Corinth consolidated school. The questions involved as to each claim are the same, except as to the tax and penalty alleged to be due the county. The question of the regularity of the assessment of the taxes is not involved. The auditor of the state, pursuant to section 4084, Kentucky Statutes, certified to the county clerk of Scott county, and he to the sheriff of the county, the taxes due from the railway company for the year 1932, to each of the taxing units. On December 13, 1932, the sheriff

mailed notice, inclosed it in an envelope, sealed and stamped, addressed to "Murray H. Hubbard, Tax Commissioner of the Cincinnati, New Orleans and Texas Pacific Railway Company, Atlanta, Georgia." It was deposited in the United States mail, and the fact it was received by the railway company is not disputed. It is the argument of the railway company that Hubbard predeceased the mailing of the notice; therefore, this fact rendered it insufficient to meet the requirement of section 4084, Kentucky Statutes. The sufficiency or insufficiency of the notice becomes immaterial in view of the reasons we shall hereafter express. Section 4084, Kentucky Statutes, provides after the tax is certified to "the proper collecting officer of the county, city, town or taxing district for collection," the same "shall be due and payable" 30 days after the notice of the amount of such tax is given by the officer whose duty it is to collect same.

Within 30 days after it received the notice addressed to Hubbard, on the 10th day of January, 1933, the railway company tendered to the sheriff, in payment of the taxes, $17,454.46, or $314.93 less than the total amount certified by the auditor. At the time of the tender and in explanation thereof, the railway company claimed the $314.93 of the taxes due the county board of education and the Corinth consolidated schools were illegal, but it was willing to pay the $314.93 whenever it should thereafter be held by the court the same were legal.

At the time of the tender the railway company requested the sheriff to accept the amount tendered, credit it on the tax bills, and also offered to give him a statement showing the amount paid would not affect in any way the question of collection of the balance. The sheriff refused to accept the amount tendered or to credit same on the tax bills, or to accept the writing showing the acceptance of the amount tendered would not affect in any way the question of the collection of the balance, asserting he had no right to accept less than the full amount of the tax bills as certified to him. He made no objection to the form of the tender or because same was in the form of drafts.

At the date of the tender there were pending in this court involving the validity of a like levy of the taxes due other taxing units for county schools, Common-

wealth, for Use & Benefit of McCreary Bd. of Education, v. C., N. O. & T. P. Ry. Co., 246 Ky. 684, 55 S. W. (2d) 913; Newell et al. v. C., N. O. & T. P. Ry. Co., 246 Ky. 628, 55 S. W. (2d) 662. After these cases were disposed of by this court, and on January 26, 1933, the railway company tendered to the sheriff $17,769.39, the full amount of the taxes due these taxing units, without penalty and interest. The sheriff refused to accept the amount offered without the payment of the 10 per cent. penalty and 10 per cent. interest authorized by section 4091, Kentucky Statutes, claiming the railway company was delinquent on and after January 13, 1933. The railway company refused to pay the penalty and interest, but again offered to pay the taxes without penalty and interest. Hence this action.

It is the contention of the taxing units that the sheriff properly refused to accept the tender of the taxes on January 10, 1933, and allow the railway company to retain the $314.93; also in refusing to accept a written statement from the railway company showing its retention of this sum. These taxing units argue that when the railway company's taxes were certified by the auditor in accordance with section 4084, to the county clerk and he to the sheriff, the amount so certified was due and payable 30 days after the notice was given to the railway company by the sheriff, and that the notice mailed, addressed as we have indicated, was a compliance with the statute. It is their position "there is no provision in the statutes which requires or permits the sheriff to collect the amount of taxes due from the railway company in installments; his duty is to collect the amounts certified to him by the county clerk. * * * The sheriff should not be compelled to make a collection agency of his office in the sense that he is to collect taxes by installments. * * * And further the provision of section 4148[2], Supp. 1933, that 'He may accept part payment,' has no application." They argue:

"It must be particularly noted this section contains the clause, 'all state, county and district taxes, except as otherwise specifically provided * * *.'"

And sections 4091 and 4002 (Ky. Stats.) provide otherwise for the payment and collection of taxes of railroad companies. The latter sections do not authorize or provide their taxes may be paid in installments.

The railway company insists it was entitled to make

a partial payment of the taxes in virtue of section 4148(2), Ky. Stats. Supp., and have same credited on its tax bills without incurring any penalty, except on the amount actually remaining unpaid, and if section 4148(2) is not so construed as to entitle it to make partial payments thereunder, since it allows installment payments of taxes by individual taxpayers, the same is discriminatory and unconstitutional.

It is entirely unnecessary to construe and reconcile the above sections of the statutes, or determine which of these contentions is correct.

The tender of the railway company on the 10th day of January, 1933, embraced the entire amount of the taxes it owed Scott county. It was the duty of the sheriff to accept the tender as to the county, for the railway company had an undoubted right to pay the whole of the taxes due either of the taxing units without at the same time paying either in whole or in part the taxes due either or both of the other taxing units.

Tax penalties are not imposed for mere delinquency in order to hasten payment, but also as a punishment of fraud, evasion, or neglect of duty. Cooley on Taxation, vol. 3 (4th Ed.) sec. 1273, p. 2538, states thus:

"Interest or penalties cannot be imposed where the taxpayer could not pay the taxes because the collector refused to accept payment * * *. If the tax is legal in part and illegal in part, and the taxpayer neglects or refuses to pay any part of the tax and litigates all of it, he is properly required to pay the penalties on all the tax. A sufficient tender precludes the imposition of penalties, but it is otherwise in case of an insufficient tender."

The statement of Mr. Cooley is supported by People ex rel. Stuckart, County Collector, v. Lamb, 277 Ill. 584, 115 N. E. 720, 721; State v. Hoffman, 109 Tex. 133, 201 S. W. 653, 654; Rogers v. Kansas City, T. & W. R. Co., 48 Kan. 471, 29 P. 761; Northern Pac. R. Co. v. Franklin County, 118 Wash. 117, 203 P. 27; Chicago, R. I. & P. R. Co. v. Slate, 213 Iowa, 1294, 241 N. W. 398; Atchison, T. & S. F. R. Co. v. Ritterbusch, County Treasurer et al. (C. C. A.) 198 F. 46; County of Redwood v. Winona & St. Peter Land Co., 40 Minn. 512, 41 N. W. 465, 42 N. W. 473; City of Galveston v. Haden (Tex. Civ. App.) 214 S. W. 766; United States Trust

Co. of New York v. New Mexico, 183 U. S. 535, 22 S. Ct. 172, 46 L. Ed. 315.

The fact the railway company in the pending case honestly and in good faith believed the sum of $314.93 of the taxes certified as due the county board of education and the Corinth consolidated school was illegal, is not denied or disputed. Its property was subject only to valid taxes and it was its right to resist that part which was invalid. It was not required to pay the taxes and then be put to a suit or compelled to resort to other authority to recover of the taxing units the illegal part, if it was illegal, or if it in good faith believed it to be so. It was entitled to the direct remedy of paying the legal portion of the certified taxes and it was the duty of the sheriff to accept the same. The illegal and the legal were severable, and it was proper to tender the taxes admittedly due and then by appropriate proceedings in the courts test and determine the validity of the $314.93, as was actually done in Commonwealth v. C., N. O. & T. P. Ry. Co., and Newell v. C., N. O. & T. P. Ry. Co., supra. In those cases the taxes of the railway company were paid to the collector, less the amount believed by the railway company to be illegal. While the question of the right of the railway company to pay the taxes due the taxing units, less the illegal portion, in those cases, was not in issue, the railway company tendered, and the sheriff accepted, the amount due the taxing units less the amount claimed to be illegal and the actions were instituted to recover accordingly.

In People ex rel. Stuckart, County Collector v. Lamb, the rule which is generally recognized by the courts and text-writers as controlling in such cases, in the absence of a statute to the contrary, is stated thus:

"A taxpayer has a right to pay a part of his taxes which he admits to be due, and it is the duty of the collector to receive it and apply for judgment only for the amount unpaid, and a penalty can be added to that part only which is found to be due and unpaid."

In State v. Hoffman, it is written:

"Equity will not lend its aid in such a proceeding unless this proffer of the undisputed taxes has been made. But when under the sanction of this equitable rule a man has offered to pay and has attempted to pay before default day his taxes con-

cededly due and keeps his tender good, it is opposed to all sense of justice to inflict a penalty upon him as for default in their payment. There can be no penalty without a default. There was no default here, because within the legal period Hoffman sought to pay the full amount for which he is here sued by making a legal tender to the collector. Having once made such a tender it was unnecessary for him to repeat it. For the tender to be available as a bar to the recovery of the penalty, interest and costs it was only required that he keep it good.''

In United States Trust Co. of New York v. New Mexico, it was held that until there was a determination of the amount of taxes due, it would be inequitable to charge penalties for non-payment.

For a statement of the same principles, see Louisville & N. R. Co. v. Commonwealth, 94 S. W. 655, 29 Ky. Law Rep. 666; Commonwealth v. C., O. & S. W. R. Co., 141 Ky. 633, 133 S. W. 559; Commonwealth v. So. Pac. Co., 169 Ky. 296, 183 S. W. 925.

Contrariwise, if the taxes are legal in part and illegal in part and the taxpayer neglects or refuses to pay any part and litigates all, it is proper to require the payment of the penalties on all of it. Bank of Ky. v. Commonwealth, 107 S. W. 812, 32 Ky. Law Rep. 1087.

There can be no doubt of the right to impose penalties on the taxpayer for neglect or refusal to perform his duty under the tax laws. The railway company had neither neglected nor refused to perform its duty under our tax laws. It merely exercised in good faith an equitable right to protect itself against the futility of paying illegal taxes and then suing the taxing units to recover same back. There is no statute prohibiting it from exercising such right or requiring it to pursue a course other than that adopted by it to escape the payment of that portion of the tax it conceived bona fides to be illegal. It was the duty of the sheriff in the circumstances to accept the tender and await the judicial determination of that portion of the taxes asserted by the railway company to be illegal.

The judgment of the circuit court not being in harmony with our views, it is reversed, with proceedings consistent herewith.