**William D. MEYERS, Director of Finance of the City of Louisville, Appellant,**

**v.**

**PARKWAY PROFESSIONAL CENTER, INC., Appellee.**

Court of Appeals of Kentucky.

March 10, 1961.

Frances Thompson, Louisville, for appellant.

Robert E. Hatton, Louisville, for appellee.

BIRD, Chief Justice.

Parkway Professional Center, Incorporated, appealed from a tax assessment as provided by KRS 133.120. The basis of this controversy lies in KRS 133.120(4), the pertinent part of which reads as follows:

"* * * No appeal under this section shall delay the collection or payment of any taxes based upon the assessment in controversy. The taxpayer shall pay all state, county and district taxes due on the valuation which he claims as true value as and when required by law, and when the valuation is finally determined upon appeal, the court or Tax Commission shall certify the valuation to the county court clerk and the taxpayer shall be billed for any additional tax and six per cent interest from the date when the tax would have become due if no appeal had been taken. The provisions of KRS 134.390 shall apply to such tax bill."

The taxpayer, under this authority, paid ad valorem taxes to the City of Louisville on a valuation claimed by the taxpayer to

be true and correct. This payment was made during the statutory discount period and the taxpayer deducted the authorized discount.

The appeal, in running its course through KRS 133.120, found its way to the Jefferson Circuit Court where an agreed judgment was entered fixing the valuation of the taxpayer's property for ad valorem taxes. The adjudged valuation was greater than the taxpayer's valuation but less than that of the taxing authority.

Thereupon the city prepared and delivered a new tax bill. The taxpayer refused to pay it for three reasons: (1) The new bill denied the two per cent discount taken by the taxpayer upon the original payment; (2) the new bill charged interest in excess of that allowed by KRS 133.120(4); and (3) the new bill charged a ten per cent penalty as provided by KRS 91.430(4). However, the taxpayer did, within thirty days after the new bill was prepared, tender payment of the additional tax resulting from the increase in valuation plus interest at six per cent as provided in KRS 133.120(4). The payment was rejected and again the Jefferson Circuit Court was asked to adjudge the rights of the parties. It upheld the taxpayer. The city taxing authority appeals to this Court, insisting that the trial court erred in allowing the discount and denying the penalty.

It is contended here that the original payment made on the taxpayer's valuation as required by KRS 133.120(4) was nothing more than a partial payment upon which no discount is allowed.

We find it difficult to hold that a taxpayer shall be deprived of his right to a tax discount because he in good faith challenges the assessment even though he may gain nothing by its appeal. We find it still more difficult to so hold when the appeal results in a reduced assessment as it did here. Except when the taxpayer's valuation under KRS 133.120(4) is so low as to impress the chancellor as being an act of bad faith, the taxpayer's valuation and the payment thereon shall be considered full and complete for discount purposes. See Buchanan v. West Kentucky Coal Co., 218 Ky. 259, 291 S.W. 32, 51 A.L.R. 281.

It is next contended that the trial court erred in denying the demand for penalty as provided in KRS 91.430, the pertinent part of which reads as follows:

"Tax bills shall be payable in January after the same are listed with the tax receiver for collection, and shall become delinquent on May 1 of the year for which they are made out. * * *

"On July 1 next succeeding the day on which the tax bills were listed with the tax receiver, a penalty of ten per cent of the face of the bill shall be added to all unpaid tax bills, in addition to the interest."

The foregoing statute applies generally to all delinquent tax bills due cities of the first class. However, there is an act providing specially for penalties on delinquent tax bills arising out of KRS 133.120 (4), to wit, KRS 134.390, the pertinent part of which reads as follows:

"A tax bill rendered against omitted property required to be listed with the county tax commissioner or the Department of Revenue or against an increase in valuation over that claimed by the taxpayer, as finally determined upon appeal as provided for in KRS 133.-120, shall become due on the day the bill is prepared, and shall be considered delinquent and subject to a penalty of six per cent of the tax, penalty and interest due, unless paid within thirty days after it becomes due, except as otherwise provided by law. All provisions of law of the particular taxing district having an interest therein relating to delinquent taxes on the same class of property or taxpayers involved shall apply to the delinquent omitted

tax bill unless otherwise provided by law."

 The tax bill in this case is to be governed by the act which applies specially to this particular type of tax bill. Morgan County Board of Education v. Elliott, 260 Ky. 672, 86 S.W.2d 670; Schultz v. Schultz, Ky., 332 S.W.2d 253. It is apparent that the city's tax bill against the increase did not become due until it was prepared and did not become delinquent until thirty days thereafter. The taxpayer tendered payment on the increased valuation within the thirty day period and was therefore not subject to the penalty.

Numerous cases have been cited by both parties, none of which we think cover penalties on tax bills arising under KRS 133.-120(4). We are therefore relying upon the wording of the pertinent statutes. We find no statute other than KRS 134.390 providing a due date, a delinquency date or a penalty rate for tax bills arising from the application of KRS 133.120(4).

The trial court properly allowed the discount and properly denied the penalty. The matter of interest is not before us.

The judgment is affirmed.