PER CURIAM.
This interlocutory appeal has been taken from an order directing the County Tax Collector to accept payment of a portion of the taxes assessed against the appellee and to grant appellee a four per cent discount for early payment of that portion of the tax tendered. The appellee brought suit in the circuit court alleging that personal property owned by it was illegally assessed, and that Dade County Tax Collector had refused to accept a tender of less than the full amount of tax assessed on the County tax roll.
The appellee-taxpayer, alleged that § 196.01, Fla.Stat., F.S.A., was complied with and that this statute provides for the paying of the admitted tax to the Tax Collector. In addition, the appellee contended that § 193.41, Fla.Stat., F.S.A., entitled a taxpayer to a four per cent discount on all taxes tendered to the Tax Collector in November, 1967.
*15 We hold that the chancellor was correct when he determined that the taxing authority was obligated to accept payment of the portion of the assessed tax which the appellee admitted to be legal and due. And further, we hold that the appellee was entitled to a receipt for the amount tendered, less the statutory discount for early payment.
The decision upon the first point relative to the requirements that the taxing authority accept the partial payment tendered, rests upon an interpretation of § 196.01 Fla.Stat., F.S.A. This section reads as follows:
“F.S. 196.01 — Chancery Jurisdiction in Tax Matters. — Courts of Chancery in this state shall have jurisdiction in all cases involving the legality of any tax, assessment or toll, and shall inquire into and determine the legality, equality and validity of the same under the constitution and laws of Florida, and shall render decrees setting aside such tax, assessment or toll, or any part of the same, that shall appear to be contrary to law, provided that the complainant shall in every case tender into court and file with the complaint the full amount of any such tax, assessment or toll zvhich he shall admit to be legal and due by him, or file with the complaint a receipt showing payment of the same prior to the institution of the suit.” [Emphasis supplied]
It is apparent that the provision in the statute that “the complainant shall in every case tender into court and file with the complaint the full amount of such tax, assessment or toll which he shall admit to be legal and due by him, or file with the complaint a receipt showing payment of the same prior to the institution of the suit” grants to a taxpayer, questioning the legality of a tax, an alternative. The first of the alternatives, which was not chosen by the appellee, provides for a tender into court of “the full amount of such tax assessment or toll which he shall admit to be legal and due by him.” The second of the alternatives is to file a receipt showing payment “of the same.” The ordinary rules of grammatical construction require that an indefinite pronoun shall be construed to refer to the subject last mentioned. See Horack, Sutherland Statutory Construction 3rd ed., Vol. 2, § 49.21. This construction compels the decision that the legislature intended the words “the same” to refer to the subject “full amount of any such tax assessment or toll which he shall admit to be legal and due by him.”
The construction suggested by the appellant is that the words “the same” refer throughout the entire section to full amount of the tax. This construction appears to be strained. When courts are called upon to interpret statutes, the interpretation should be in accord with the plain meaning of the words unless such interpretation is unreasonable or would result in the unconstitutionality of the statute. See Wagner v. Botts, Fla.1956, 88 So.2d 611; Gough v. State, Fla.1951, 55 So.2d 111.
We therefore hold that the taxing authority must, under § 196.01, Fla.Stat., F.S.A., accept the payment tendered and issue a receipt to be filed in the suit.
The legislature has provided in § 193.41 Fla.Stat., F.S.A., for discounts upon taxes paid before a certain time. This section reads as follows:
“F.S. 193.41 — WHEN TAXES DUE; DISCOUNTS IF PAID BEFORE CERTAIN TIME. — All taxes shall be due and payable on the first day of November of each and every year, or as soon thereafter as the assessment roll may come into the hands of the tax collector, of which he shall give notice by publication, and the tax collector is hereby vested with the power, and it shall be his duty, to collect all taxes as shown on the tax roll, which taxes shall become delinquent on April first following the year in which such taxes are assessed. On all taxes assessed on the county tax *16 rolls and collected by the county tax collector, discounts for early payment thereof shall be at the rate of four per cent in the month of November, three per cent in the month of December, two per cent in the following month of January, and one per cent in the following month of February, the taxes being payable in March without discount. It shall also be his duty, and he is hereby vested with the power, to collect by sale of the tax liens on said lands all taxes assessed thereon and which taxes are not paid prior to April first of the year following the year in which the taxes are assessed.” [Emphasis supplied]
Appellant contends that this section provides for a discount only when all of the taxes assessed are paid. This contention is supported by an assertion that the legislative plan evidences an intention to encourage the taxpayers to pay the entire tax assessed before a discount is provided.
The appellee contends that if a discount is allowed on all taxes collected in November, it must be allowed on partial payments authorized by § 196.01, Fla.Stat., F.S.A. The taxpayer further contends that the appellant’s construction of the statute deprives him of a privilege granted all other citizens and that a discount is permissible only if it is equally available to all taxpayers. See 51 Am.Jur., Taxation, § 969.
In construing revenue legislation, the rule has become firmly established that tax laws are to be strictly construed against the state and in favor of the taxpayer. Therefore, when there is reasonable doubt as to the meaning of a tax statute, it should be resolved in favor of those taxed. See City of Miami v. Kayfetz, 158 Fla. 758, 30 So.2d 521 (1947); 30 Fla.Jur., Taxation, § 46. We do realize, however, that the above mentioned rule of construction does not take precedence over the fundamental rule that a statute is to be construed in accordance with its real intent and meaning, and not so strictly as to defeat the legislative purpose.
We can find no language within the statute or any legislative plan which shows an intent to deny a discount on payments authorized by § 196.01, Fla.Stat., F.S.A. If all taxpayers who pay their taxes in November are allowed a four per cent discount, except taxpayers who bring suit, the effect would be to discriminate against taxpayers who are bringing suit pursuant to an express statutory provision. It should be noted that any taxpayer who does not sustain his position will lose the discount on the amount in dispute.[1]
There are few reported cases dealing with the question of whether a taxpayer is entitled to a discount on the portion of the tax he admits to be due and pays when suit is brought. Our conclusion, however, is supported by the reasoning in Meyers v. Parkway Professional Center, Inc., Ky. 1961, 344 S.W.2d 389, where a taxpayer had appealed from a disputed tax assessment. The Kentucky Court of Appeals held that the discount had been properly allowed by the trial court, and said:
“We find it difficult to hold that a taxpayer shall be deprived of his right to a tax discount because he in good faith challenges the assessment even though he may gain nothing by its appeal. We find it still more difficult to so hold when the appeal results in a reduced assessment as it did here. Except when the taxpayer’s valuation under KRS 133.120 (4) is so low as to impress the chancellor as being an act of bad faith, the taxpayer’s valuation and the payment thereon shall be considered full and complete for . discount purposes.”
*17 For a similar result, see Northern Pacific Railway Co. v. Franklin County, 1921, 118 Wash. 117, 203 P. 27.
We hold that the taxpayer is entitled to the discount on the amounts paid pursuant to § 196.01 Fla.Stat., F.S.A., when such payments are paid during the months specified in the discount section, § 193.41, Fla. Stat., F.S.A.
The decision of this Court upon these statutes may be construed as one which effects a class of constitutional or state officers and therefore subject to review by the Supreme Court of Florida by cer-tiorari pursuant to Art. V, § 4(2), Constitution of the State of Florida, F.S.A. Nevertheless, and in order to obviate any doubt in this matter, we will certify this decision to the Supreme Court as one that passes upon a question of great public interest.
Affirmed.

. The appellant-County contends that the result of allowing discounts on amounts tendered under § 196.01 Fla.Stat., F.S.A., would be to encourage frivolous suits. We feel, however, that this argument fails to consider three possible consequences of challenging the tax assessment: (1) loss of discount on the disputed amount; (2) interest on the additional amount found to be due, and (3) expenses of litigation.