COMMONWEALTH of Kentucky; Commonwealth of Kentucky, Transportation Cabinet; Commonwealth of Kentucky, Transportation Cabinet, Department of Vehicle Regulation; Don Kelly (Formerly Milo Bryant), Secretary, Kentucky Transportation Cabinet; Norris Beckley (Formerly Jerome Lentz), Commissioner, Department of Vehicle Regulation, Appellants/Cross–Appellees,

v.

THOMAS HEAVY HAULING, INC., Appellee/Cross–Appellant.

Nos. 94–SC–341–TG, 94–SC–102–TG.

Supreme Court of Kentucky.

Dec. 22, 1994.

Fred E. Fugazzi, Jr., McBrayer, McGinnis, Leslie & Kirkland, Lexington, for appellants/cross-appellees.

William L. Willis, William P. Curlin, Jr., Richard "Smitty" Taylor, Holland B. Spade, Hazelrigg and Cox, Frankfort, for appellee/cross-appellant.

REYNOLDS, Justice.

These two appeals are from a challenge to the constitutionality of the provisions of Kentucky Revised Statutes 189.270 which imposed a weight-axle-overdimensional fee upon motor carriers and to the validity of 601 KAR 1:015 which was adopted by the Transportation Cabinet for the administration of the statute.

Enactment of the foregoing statute authorized the issuance of special permits for motor vehicles whose gross weight including

load, height, width or length exceeds the limits prescribed by this chapter or which in other respects fails to comply with the requirements of this chapter. This type permit may be issued only to vehicles having a license plate for 80,000 pounds and the permits are confined to daylight transportation from Monday through noon on Saturday, with transportation prohibited on national holidays. Prior to the legislature's 1988 session, the fee set forth in the statute for the special permit was $30.00, and had been generating revenue of slightly less than $2 million per year. At the 1988 session, the statute was amended to increase the base fee to $60.00 for overweight permits and provide additional charges based upon the number of axles which a tractor/trailer has for overweight loads and for additional charges pertaining to the width of the load. Such amendment resulted in generating revenue in excess of $6 million per year.

In the alternative, the Franklin Circuit Court action challenged the increased fee as either an unconstitutional tax or as an unlawful fee. The litigation was certified as a class action. Upon appellee's completion of proof, it moved for summary judgment, while the appellant sought and was granted additional time to complete its supplementary proof. Subsequently, upon completion, appellant also sought summary judgment.

Franklin Circuit Court determined that the $60 base fee was reasonable and that all other fees (the axle and width fees) were unreasonable and should be refunded to appellee and the class members. Following an appeal and cross-appeal, this Court granted transfer.

■ A distinction exists between a fee and a tax, but it is one that is not always observed with precisional nicety in judicial opinions. The designation given a particular monetary burden by the legislature is not conclusive in determining whether or not it is a tax. The permit fee, as provided in KRS 189.270, equates itself to a "license fee" and may be defined to mean that there has been conferred on a person the right to do something which otherwise he would not have the right to do—a special privilege rather than a right common to all persons. It imports regulation. A "license fee" implies the imposition or exaction on the right to exercise a business privilege. · We agree with the trial court's determination that the statutory permit charge constitutes a fee(s). The permit fee is a charge for exercising the privilege of operating an overweight and/or overdimensional vehicle on Kentucky's highways. *City of Louisville v. Sebree,* 308 Ky. 420, 214 S.W.2d 248 (1948); *see also Dickson v. Jefferson County Board of Education,* 311 Ky. 781, 225 S.W.2d 672 (1949).

■ At issue in this case is whether the statutory fees were excessive in relation to the cost of administering the overweight and/or overdimensional permit program. *Roe v. Commonwealth,* Ky., 405 S.W.2d 25 (1966), restates that the purpose of a license fee imposed (or in this case, a permit fee), is to compensate for the cost of issuing and supervising the license. Stated otherwise, the revenue generated should not be so large as to create the imputation of a revenue measure and must be broadly sufficient only to meet the expenses of issuing the license and supervising necessary regulatory measures. Thus, what is a reasonable fee is a question of fact.

■ The term summary judgment and its application has been incorrectly/improvidently utilized in this case. We find no dispute as to the evidentiary/material facts, but summary judgment is inappropriate if there is a dispute as to conclusions to be drawn from the facts of the case. The standards were set forth in *Paintsville Hospital Company v. Rose,* Ky., 683 S.W.2d 255 (1985), and reaffirmed by *Steelvest, Inc. v. Scansteel Service Center, Inc.,* Ky., 807 S.W.2d 476 (1991). We find in this case that the expert witness utilized by each of the parties formed a different intent and conclusions from the undisputed facts of the record, which rendered summary judgment inappropriate. *See James Graham Brown Foundation, Inc. v. St. Paul Fire and Marine Insurance Co.,* Ky., 814 S.W.2d 273, 276 (1991); *Magill v. Gulf and Western Industries, Inc.,* 736 F.2d 976 (4th Cir.1984).

The filings of cross-motions for summary judgment do not always mean that the par-

ties have consented to a resolution of the case on the existing record; nor is the trial court necessarily at liberty to treat the case as if it were submitted for a final resolution on a stipulated record. However, upon review, we find that the parties herein consented to a resolution on the existing record, thereby permitting the trial court to proceed on the submission of an agreed-upon record. The trial court made specific findings of fact and separately set forth its conclusions of law as provided by CR 52. Counsel for both parties, at oral argument, clearly reaffirmed the procedure.

There is no problem with the fact that an attorney for a party on appeal may waive an 'assignment of error' either expressly or impliedly. *Allen v. O.K. Mobile Home Sales, Inc.*, Ky.App., 570 S.W.2d 660 (1978). No formal defect, if any there was, remains where a case has been presented to the appellate court upon an issue directed at the merits of the case. *Commonwealth, for Use and Benefit of McCreary Board of Education v. Cincinnati, N.O. & T.P. Ry. Co.*, 246 Ky. 684, 55 S.W.2d 913 (1932).

It appears from the proof in this record that an expert for the appellee concluded the administrative cost associated with the issuance and enforcement of a permit was $2.38, while, on the other hand, from the same proof, the appellant's expert witness concluded the administrative cost associated with the issuance and enforcement of a permit was $80.52. The trial court, having determined that $60.00 was a reasonable permit cost, therefore brings his decision clearly within the standard of review that the court was not clearly erroneous in its determination.

The judgment of Franklin Circuit Court is affirmed.

All concur.

Special Justice FREDERICK E. NICHOLS sitting for SPAIN, J.